The opinion of the court was delivered by
Miller, J.
The accused appeals from the judgment refusing his application for a change of venue. The State moves to dismiss the appeal on the ground that the accused is allowed the appeal from the sentence, not from an interlocutory order or judgment.
The general principle is that errors in the orders or decisions of the lower court, made in the progress of the suit, must be presented to the appellate court on the appeal from the final judgment. If it were otherwise, and every question in the suit could be made the subject of an appeal, it is easy to see that delayed until each appeal should be determined, the final decision would admit of indefinite procrastination. The rule restricting the appeal to that from the final judgment inflexible in civil cases, with exceptions pointed out *1009 by the Code, is enforced as our examination impresses us, without qualification, unless modified by statute, in criminal cases. Thus, as Mr. Wharton puts it, “Error can be taken only after final judgment.” Wharton’s Criminal Practice, Sec. 3217. Prior to the Constitution of 1845, this court had no criminal jurisdiction, hence our decisions have been made with reference to the provisions in the constitutions beginning with that of 1845. But still, all the decisions affirm the general rule under examination as to appeals. The early case of Hornsby arose before the Constitution of 1845. In that case the Court of Errors and Appeals, called without objection from the State to entertain an appeal by the accused from an interlocutory judgment, overruling his motion in arrest, announced the opinion that the appeal could be taken only after verdict, judgment and sentence. In that ease the court heard the appeal, but stated if the State had moved to dismiss, the motion would have been sustained. If the right to appeal exists in this case, it must then be derived from the Constitution or laws. State vs. Hornsby, 8 Robinson, 583; State vs. May, 9 An. 69; State vs. Pratt, 9 An. 157; State vs. Johnson, 36 An. 306; State vs. Wilkins, Jr., 37 An. 62.
The argument for the accused maintains that the appeal in this case derives support from the article in the Constitution defining our jurisdiction in criminal cases. It is claimed there is an important change in the jurisdictional provisions on this subject in our present Constitution. The Constitutions of 1845, 1852, 1868 and 1880, it will be found, are substantially alike, except in one particular, in our view, not exerting any influence in this discussion. The jurisdiction in criminal eases is defined as extending on questions of law alone, to all criminal cases punishable with death or imprisonment at hard labor. Under the Constitution of 1868 the appeal was restricted to cases in which the punishment specified was actually imposed. Article 74. Under the Constitutions of 1846, 1852 and 1879, actual imposition of the punishment was dispensed with, and the appeal allowed, when the offences were of the character to admit of the death penalty or imprisonment at hard labor. Articles 63 of 1845, 62 of 1852, and 81 of 1879. The language in our present Constitution, like that of 1845 and 1852, in conferring criminal jurisdiction on this court is, that in criminal cases the jurisdiction exists on questions of law alone, when the punishment of death or imprisonment at hard labor may be inflicted or a fine exceeding three hundred dollars is imposed. *1010 All these articles simply define the class of cases appealable to this court. It is manifest, we think, that the articles do not deal at all with the stage of the suit when the appeal is to be taken. That was left to be determined on general principles or by statute, and when our present Constitution came into existence our jurisprudence and our statute both fixed the right of appeal of the accused as arising only on sentence. We can find nothing in the organic law to sustain the contention that the appeal from the interlocutory judgment is give the accused by the Constitution.
We turn to our statute on the subject, which has been in existence and under judicial notice for more than forty years, now section 1031 of the Revised Statutes. It provides: “ If final judgment has been rendered on any indictment where the punishment of death or hard labor may be inflicted, an appeal may be taken to the Supreme Court.” The statute follows the article of the Constitution as to the cases appealable, and supplies what the Constitútion leaves untouched, the time for. the appeal. The statute needs no comment. Nor can we perceive the Act No. 30 of 1878 in any respect modifies the statute. “In all case where appeals are allowable under the Constitution ” the act of 1878 directs the appeal may be verbal or in writing; the act further specifies the time within which the application is to be made, and contains other provisions as to the return day and filing of briefs. It remains, we think, that our statutory legislation gives the accused the appeal only from the sentence.
We can not appreciate that the application for a change of venue is an independent issue, not a part of the suit in which the application is made. If an incident of the suit like other-questions arising in the course of the trial, it comes here on the appeal from the sentence, or it can not reach this court at all. That an application relating to the mode of trial is an incident of the suit, we think is obvious and the application to change the venue manifestly refers to the method of trial. This court has recognized the right of appeal by the State from an order changing the venue. This decision was on the theory that the judge without observing the requisites of the law had directed the change. It was a final judgment in this sense; it ended the suit in this court from which the change was ordered. Besides, there it was the appeal of the State not the accused. In our view the application for the change of venue is to be viewed as incidental to the suit, part of it and not an *1011 independent proceeding, the subject of a separate appeal. This view is strongly enforced by the obstruction in the administration of justice that would result if an appeal from the refusal to change the venue was allowed on the theory that the petition for a change of venue was in itself a suit carrying the right of the accused to delay the trial for the offence until the determination of the appeal from the decision on the issue as to the venue.
We have considered the cases cited on behalf of the defendant. The decisions in 37 An. 675, State vs. Robinson, and 38 An. 633, State vs. Oliver, and 16 An. 159, State ex rel. Shelton vs. Judge, are urged as conclusive in his favor. The case in 16 An. was an appeal from a mandamus issued by the District Oourt compelling a magistrate to examine parties on a charge in reference to which they had given bonds to secure their appearance before the District Oourt. There was no discussion in the case to shed any light on the point involved here. The court held the mandamus might work irreparable injury, and maintained the appeal. In 38 An. 633 (State vs. Oliver), the accused claimed he was entitled to his discharge under the verdict of the jury and the arrest of the judgment ordered on his motion. If the prisoner’s contention was well founded he could not be tried again. Under the “ peculiar circumstances of the ease” a qualification well calculated to weaken the authority of the decision, the court maintained the appeal of the accused from the judgment ordering another trial. A decision o^ the same court, reported in 37 An. 82, was made under analogous circumstances. The accused conceived he was entitled to be relieved of any further prosecution of the charge because the court had discharged the jury. Without waiting for a second trial he interposed the plea of “ once in jeopardy” and appealed from the judgment overruling the plea. The court, affirming with emphasis that the accused could appeal only from sentence, dismissed the appeal. Whatever authority may be extracted from 37 An. 675 is, we think, dispelled' by the subsequent decision. Other cases cited on behalf of the defendant are appeals by the State, one type of which is the case of State vs. Brown, 27 An. 236, in which, too, the appeal was dismissed on the ground no sentence had been imposod. So far as the State is concerned, it is allowed to appeal from • judgments improperly sustaining motions in arrest, or similar errors subsequent to verdict, when nothing remains except to sentence (State vs. *1012 Ellis, 12 An. 390), but we can not see that this class of cases has any tendency to give the accused a right to appeal from incidental rulings or interlocutory orders made in his ease. Again, there is cited in the brief, 42 An. 318 (State ex rel. Poché vs. Judge), a civil suit in which an appeal was allowed from the judgment overruling the plea to recuse the judge. Other and perhaps stronger decisions in civil cases might be cited to show the application of the test of irreparable injury applied in civil cases, to determine the right of appeal. The exposition that irreparable injury can not, even in a civil case, be predicated on an order with reference to the mere mode of trial might also be furnished. Hawkins vs. Livingston, 10 Martin, 443. The question here, however, is as to the right of the accused to appeal in- a criminal case, and decisions in civil cases afford but limited, if any assistance.
We have given this question a careful examination and believe our attention has extended to all the authorities and phases of the discussion on behalf of the defendant. If the accused stands in the attitude depicted in other parts of the briefs to which our investigation has been in some degree directed, in making up our decision on the motion, he is not, by the dismissal of his appeal, deprived of the guarantees of a fair trial the Constitution and laws secure and courts enforce. But we can not, in response to the argument forcibly urged on us with respect to the grounds for the change of venue, recognize an appeal, contrary, as we believe, to the Constitution, laws and the fixed jurisprudence of the State.
The application is therefore dismissed.