319 So.2d 789 (1975)
STATE of Louisiana
v.
R. Charles THOMAS and George Thomas.
No. 56624.
Supreme Court of Louisiana.
October 1, 1975.
*790 Richard V. Burnes, Gravel, Roy & Burnes, Alexandria, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Walter L. Smith, Jr., L. J. Hymel, Jr., Asst. Attys. Gen., Edwin R. Woodman, Jr., Staff Atty., William C. Pegues, Dist. Atty., for plaintiff-respondent.
CALOGERO, Justice.
On July 16, 1975, defendants R. Charles Thomas and George Thomas were scheduled to be tried in the Thirtieth Judicial Court in and for Vernon Parish on a charge of public payroll fraud in violation of R.S. 14:138. The offense with which they were charged purportedly occurred on July 20, 1973. The offense charged was one punishable by confinement at hard labor or confinement without hard labor for more than six months, sometimes called a relative felony.
At the time that the indictment was returned, and at all times up to and through December 31, 1974, the mode of trial was fixed by Article 1, Section 9 and Article 7, Section 41 of the Louisiana Constitution of 1921 and Articles 780 and 782 of the Louisiana Code of Criminal Procedure.[1] Under *791 these provisions, every criminal defendant charged with a relative felony could be tried in one of two ways: by the judge alone, or by a jury of five, all of whom were required to agree in order to return a verdict.
On January 1, 1975, when the Louisiana Constitution of 1974 went into effect, defendants charged with relative felonies became entitled under Article 1, Section 17 of the Constitution of 1974 to trial by a jury of six persons, five of whom must concur to render a verdict.[2] Under Article 1, Section 17 of the Constitution of 1974 and Article 780 of the Code of Criminal Procedure, a defendant can still elect to waive trial by jury and be tried by a judge alone. Moreover, the Legislature amended Article 782 of the Code of Criminal Procedure to provide that a jury would consist of six members, five of whom must concur to render a verdict, and to allow a defendant charged with committing an offense prior to December 31, 1974, but tried on or after January 1, 1975, to be tried in accordance with the jury provisions applicable under the Constitution of 1921. The article provides that prior to commencement of trial, a defendant may elect to be tried under the Constitution of 1974.[3]
Since the defendants in this case were charged with a relative felony which purportedly occurred on or before December 31, 1974, and will be tried after January 1, 1975, each of them is afforded the option granted by C.Cr.P. Art. 782 to be tried under the jury provisions of the Constitution of 1921, or to elect to be tried under the jury provisions of the Constitution of 1974.
On the morning of the trial of these defendants, defendant George Thomas elected to be tried under the 1921 Constitution by a jury of five persons, all of whom must concur in order to render a verdict; and the defendant R. Charles Thomas elected to be tried under the 1974 Constitution by a jury of six, five of whom must concur in order to render a verdict.[4] Defendants *792 had been jointly indicted, and neither defendant R. Charles Thomas, defendant George Thomas, nor the state had moved to sever, as is provided by C.Cr.P. Art. 704. This Article provides in full that:
"Jointly indicted defendants shall be tried jointly unless:
(1) The state elects to try them separately; or
(2) The court, on motion of the defendant, and after contradictory hearing with the district attorney, is satisfied that justice requires a severance."
Since there had been no motion for a severance of the case, the trial judge ordered that the defendants be tried jointly under the provisions of the 1974 Constitution, thus forcing the defendant George Thomas to elect to be tried under the jury provisions of the 1974 Constitution, an election which he had not made. The defendants applied to this Court for writs of certiorari, prohibition and mandamus and a stay order. This Court granted the stay order and ordered the district judge to try relators before the juries of their respective individual choices or to show cause to the contrary.
In its argument to show cause, the state insists that no severance should be granted because doing so would allow defendants to circumvent the statutory and jurisprudential criteria established to regulate the granting of severance.[5] The state proposes that this Court order two separate juries to hear a joint trial, one jury constituted under the provisions of the 1921 Constitution to hear the case against defendant George Thomas and the other jury constituted under the provisions of the 1974 Constitution to hear the case against defendant R. Charles Thomas. Each jury would then deliberate separately and return separate verdicts.[6] Alternatively, the state *793 proposed that only six jurors be selected for a joint trial of both defendants. Under this plan, all six jurors would form the jury for defendant R. Charles Thomas, and five of them would form the jury for defendant George Thomas. The state argues that Article 5, Section 5 of the Constitution of 1974 gives this Court authority to order such novel arrangements when it states this Court "may establish procedural and administrative rules not in conflict with the law."
Our statutory law knows no such trial procedures as are suggested by the state. Although this Court may have the power to order such procedures under its general supervisory jurisdiction, we do not feel that the case before us warrants deviation from the normal. Defendants here have exercised their rights to elect particular types of juries. Although the exercise of their rights in this manner will cause a severance of the cases of co-defendants under circumstances which would not normally permit a severance, we conclude that we must allow them to exercise these rights. These options must be afforded to these defendants even though the practical effect is to sever a case without compliance with Article 704. Although novel proposals by the state unsanctioned by statute would prevent violation of the severance article, we feel they would cause numerous other complications. We hold, therefore, that these defendants be afforded separate trials, each with the mode of jury he has elected.
We are not unmindful that the issue which we resolve here may affect any joint indictment now filed or hereafter filed which charges an offense occurring on or before December 31, 1974, and upon which trial has not yet been held. Nor are we unmindful that this decision applies to offenses which carry punishment necessarily at hard labor. But this conflict, which has occurred because of our transition from one Constitution to another, will not continue indefinitely. Accordingly, we order that the trial court sever the cases of these two defendants and hold two separate trials, one in accordance with the provisions of Louisiana Constitution Art. 7, Section 41 (1921) for defendant George Thomas and the other in accordance with the provisions of Louisiana Constitution Art. 1, Section 17 (1974) for defendant R. Charles Thomas.
NOTES
[1] Article 1, Section 9 of the Louisiana Constitution provides in pertinent part: "In all criminal prosecutions the accused shall have the right to a speedy, public and impartial trial in accordance with the provisions of this constitution."

Article 7, Section 41 provides in pertinent part:
"All cases in which the punishment may not be at hard labor shall, until otherwise provided by law, be tried by the judge without a jury. Cases, in which the punishment may be at hard labor, shall be tried by a jury of five, all of whom must concur to render a verdict; cases, in which the punishment is necessarily at hard labor, by a jury of twelve, nine of whom must concur to render a verdict; cases in which the punishment may be capital, by a jury of twelve, all of whom must concur to render a verdict." (Emphasis provided)
Article 780 of the Code of Criminal Procedure provides:
"A defendant charged with any offense except a capital offense may knowingly and intelligently waive a trial by jury and elect to be tried by the court."
Article 782, until December 31, 1974 provided in full as follows:
"Cases in which the punishment may be capital shall be tried by a jury of twelve jurors, all of whom must concur to render a verdict. Cases in which the punishment is necessarily at hard labor shall be tried by a jury composed of twelve jurors, nine of whom must concur to render a verdict. Cases in which the punishment may be imprisonment at hard labor, shall be tried by a jury composed of five jurors, all of whom must concur to render a verdict. Except as provided in Article 780, trial by jury may not be waived." (Emphasis provided)
[2] Article 1, Section 17 of the Constitution of 1974 provides in pertinent part:

"A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, five of whom must concur to render a verdict. . . . Except in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury." (Emphasis provided)
[3] C.Cr.P. Article 782, as amended, effective January 1, 1975, provides:

"A. Cases in which punishment may be capital shall be tried by a jury of twelve jurors, all of whom must concur to render a verdict. Cases in which the punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. Cases in which the punishment may be confinement at hard labor, shall be tried by a jury composed of six jurors, five of whom must concur to render a verdict.
B. Trial by jury may be knowingly and intelligently waived by the defendant except in capital cases.
C. A defendant charged with the commission of an offense alleged to have been committed prior to midnight December 31, 1974 shall, except as hereinafter provided, be tried in accordance with the jury provisions applicable at the time of the commission of the offense. Prior to the commencement of trial in such cases, the court shall advise the defendant that he may elect to be tried under the jury provisions of the Louisiana Constitution of 1974, and failure of the defendant to so elect prior to the commencement of the trial constitutes a waiver of his right to be tried under the jury provisions of the Louisiana Constitution of 1974." (Emphasis provided)
[4] The state argues that the election of defendant R. Charles Thomas to be tried under the 1974 Constitution was not made "prior to the commencement of trial," as is required by Article 782(C). C.Cr.P. Art. 761 states that a jury trial begins "when the first prospective juror is called for examination." It is apparent from a review of the transcript, and the arguments of counsel, and the comments of the judge that defense counsel's election as it first appears in the transcript was not the first instance in which he had expressed that election to the trial court and opposition counsel. It is apparent in reviewing the transcript and the unrebutted assertions of counsel for the defendant that defendants expressed their elections in chambers prior to the trial court's taking the bench. There is no question but that the defendants exercised the elections afforded them by Art. 782(C) prior to the commencment of trial. Even if defendants had not made their election before it was made in the record, that election was still probably timely because it was made before any questions had been asked of any particular jurors. Although the jurors had been asked as a group whether they were citizens of the state and country, whether they were at least eighteen years old, and whether they were residents of the parish, these general questions did not signal the beginning of the trial, because no particular juror had been called for examination. See C.Cr.P. Art. 783, 784, 787. Moreover, at this time the case had not even been called.
[5] The state has an absolute right to sever the cases of joint defendants, but the state does not wish to sever the cases of defendants Thomas and Thomas. The only other way that a severance can be effected under Article 704 is for the defendants to move for a severance, which neither has done, and for the trial judge, in his discretion, to determine that "justice requires a severance." The jurisprudence has established that certain situations call for a severance. A severance may be granted when a defendant alleges and proves that the defenses of the accused will be antagonistic or that his right to call witnesses for his defense will be foreclosed by the coexistent right of his co-defendant not to be forced to take the stand. State v. Medlock, 297 So.2d 190 (La.1974).
[6] At least two federal courts have approved of a similar procedure. See United States v. Crane, 499 F.2d 1385 (6th Cir. 1974); United States v. Sidman, 470 F.2d 1158 (9th Cir. 1972), cert. denied, 409 U.S. 1127, 93 S.Ct. 948, 35 L.Ed.2d 260 (1973). In Champagne v. American Southern Insurance Co., 295 So.2d 437 (La.1974), the Louisiana Supreme Court, in a civil case, approved a procedure which allowed the district court to hold one trial with the jury making certain determinations and the judge certain other determinations. In that case the original defendant was an individual who had requested a jury trial. Although the plaintiff later brought in the State as a second defendant, this Court held that the individual defendant had not lost his right to a jury trial.