366 So.2d 1294 (1978)
STATE of Louisiana
v.
Guy BERNARD.
No. 61981.
Supreme Court of Louisiana.
November 13, 1978.
Rehearing Denied December 14, 1978.
*1295 James E. Bolin, Jr., Shreveport, for defendant-appellant.
William J. Guste, Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Stephen A. Glassell, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
*1296 DIXON, Justice.
Defendant Guy Bernard was charged by bill of information with armed robbery (R.S. 14:64). After trial by jury he was found guilty of simply robbery (R.S. 14:65). Subsequently defendant was charged by bill of information as a second felony offender and, after a multiple offender hearing, was sentenced to serve ten years at hard labor. Defense filed four assignments of error with the trial court, but Assignments 2 and 4 were not briefed nor argued and are considered abandoned.

Assignment of Error No. 1
Defense contends that the trial court erred at the multiple offender hearing when it admitted into evidence the records of defendant's first conviction (Exhibit S-1). Defense argues that the photocopy of the guilty plea and sentence of a Guy Bernard sent by the Record Clerk of the Texas Department of Corrections was not properly certified according to R.S. 15:529.1 F nor to the federal certification requirements. Defense relies on State v. Washington, 322 So.2d 185 (La.1975) and State v. Curtis, 319 So.2d 434 (La.1975) to argue that careful scrutiny must be given to certification of documents the state uses for proof of prior felony convictions.
This court agrees that Exhibit S-1 does not comply with R.S. 15:529.1 F, which provides:
"The certificates of the warden or other chief officer of any state prison, or of the superintendent or other chief officer of any penitentiary of this state or any other state of the United States, or of any foreign country, under the seal of his office, if he has a seal, containing the name of the person imprisoned, the photograph, and the finger prints of the person as they appear in the records of his office, a statement of the court in which a conviction was had, the date and time of sentence, length of time imprisoned, and date of discharge from prison or penitentiary, shall be prima facie evidence on the trial of any person for a second and subsequent offense of the imprisonment and of the discharge of the person, either by a pardon or expiration of his sentence as the case may be under the conviction stated and set forth in the certificate."
Exhibit S-1 records were certified not by a warden, superintendent or other chief officer of the Texas prison but by the Record Clerk of the Texas Department of Corrections who as such officer has legal custody of the original files and records of persons committed to the Texas penal institution. Otherwise, Exhibit S-1 includes the name of defendant, his photograph, his fingerprints, a copy of his guilty plea, and the date and time of sentence; but it does not include, as required by R.S. 15:529.1 F, the length of time imprisoned and date of discharge from that prison. These latter omissions, however, are not as significant. See, State v. Ralph, 336 So.2d 836 (La.1976) and State v. Maduell, 326 So.2d 820 (La.1976).
Consequently, the certification of the Record Clerk does not satisfy R.S. 15:529.1 F requirements for prima facie evidence of the imprisonment of that person for a prior offense. This court has held, however, that the proof set forth in R.S. 15:529.1 F is neither sacramental nor the exclusive method of proving that defendant is a habitual offender, and the necessary facts constituting proof that the accused is an habitual offender may be established by other competent evidence. State v. Barrow, 352 So.2d 635, 637 (La.1977). See also, State v. Hamilton, 356 So.2d 1360 (La.1978); State v. Curtis, 338 So.2d 662 (La.1976); State v. Jones, 332 So.2d 461 (La.1976); State v. Montana, 332 So.2d 248 (La.1976); State v. Hill, 332 So.2d 475 (La.1976); State v. Maduell, supra. In a habitual offender proceeding the state is only required to establish by competent evidence that there is a prior felony conviction and that the defendant is the same person who was convicted of the prior felony. State v. Curtis, 338 So.2d 662, 664 (La.1976); State v. Washington, 322 So.2d 185, 188 (La.1975).
In the present case the state submitted evidence to establish a prior felony when it introduced the photocopies of the Texas prison records of a Guy Bernard together *1297 with a form of attestation and certification with the seal of the county court. The defendant does not dispute that there is a prior felony conviction nor that he is the same person who was convicted of the prior felony. The defense does not argue that the photocopies of the prison records are not the substantial equivalent of the original Texas prison records on file with the Record Clerk of the Department of Corrections nor does the defense show that the contents of these purported photocopies inaccurately reflect the contents of the original prison records. See State v. Stuart, 344 So.2d 1006, 1009 (La.1977), The defense does object to the form of certification of the prison records and relies on State v. Washington, supra.
This court remanded the Washington case for resentencing because the trial court admitted penitentiary documents that satisfied neither the statutory standards of R.S. 15:529.1 F nor of R.S. 15:457. The documents, including fingerprints, were transmitted by an informal letter from an individual identifying himself as "I.D. Officer, La. State Penitentiary" with no other proper authentication. Washington is distinguishable from the present case because the Texas prison records were transmitted with (1) an attestation by the custodian of records that the attached copies were compared by Billy R. Ware with the originals on file and each copy contains a full, true and correct transcript and copy of the original, (2) a certificate of the presiding judge that Billy R. Ware is the Record Clerk of the Texas Department of Corrections and is the legal keeper and officer having legal custody of the original records of the Texas Department of Corrections and that the certificate is in due form and the signature is his genuine signature, and (3) a certificate of the clerk of the county court certifying to the official character of the presiding judge and the genuineness of the signature of the judge. Also annexed to the certificate of the clerk is the seal of the county court where the Texas prison is located.
Defendant argues, however, that this transmittal form and the photocopy of a certified copy of defendant's judgment of conviction are improperly certified. The transmittal form entitled "U.S.Rev. Statutes, Sec. 906. Attestation by Custodian, Certificate of Presiding Judge, Certificate of Clerk to official character of Judge" was drafted to comply with 28 U.S.C. § 1739[1] which provides a method of certifying nonjudicial records to insure full faith and credit to those nonjudicial records in courts of sister states. Defendant objects to certifying prison records of other states pursuant to 28 U.S.C. § 1739 because he characterizes prison records as judicial records which must be certified pursuant to 28 U.S.C. § 1738,[2] which provides a method of *1298 certifying judicial records of courts of other states to insure full faith and credit. Defense argues that the prior conviction and sentence to satisfy federal certification requirements of 28 U.S.C. § 1738 must include the attestation of the Criminal Clerk of Tarrant County District Court (the county court where defendant was convicted and sentenced) and the seal and certificate of the judge of that court; defendant contends that the attestation, seal and certification of the Record Clerk of the Texas Department of Corrections, together with the Clerk of Court and District Judge of Walker County (the county where defendant was imprisoned) does not satisfy the federal or state certification requirements.
First, although state prison records may contain some judicial records of another state, such as the judgment in the present case, prison records are nonjudicial records or "records kept in any public office" of a state, and 28 U.S.C. § 1739 governs the certification of nonjudicial records of out-of-state public offices for full faith and credit. The Texas prison records were properly certified pursuant to 28 U.S.C. § 1739 and the federal certification requirements.
Second, the Louisiana habitual offender statute, R.S. 15:529.1 F, does not require a certified copy of the judgment of conviction from the clerk of court of the court where defendant was convicted and sentenced together with the seal and certificate of the judge of that court. R.S. 15:529.1 F specifies the requirements for prima facie evidence submitted in a habitual offender hearing, and only requires from the warden of the state prison where defendant was imprisoned a certificate containing among other prison information "a statement of the court in which a conviction was had." The Louisiana statute requires a certificate containing this statement from the warden without further certification from the clerk of court; in the present case the certificate contains a copy of a judgment and is from the record clerk of the prison, with further certification by the district judge of the record clerk's official capacity and by the clerk of court of the district judge's official character.
R.S. 15:529.1, the habitual offender statute, only requires prison records to prove prior felony; a copy of a prison record, properly certified pursuant to 28 U.S.C. § 1739 by the officer who is the legal custodian of the same prison records, is the equivalent of the original in authenticity pursuant to R.S. 15:457, which provides:
"A copy of a document, certified to by the officer who is the legal custodian of the same is equivalent to the original in authenticity; but the certificate of an officer to any matter not under the general powers vested in him is no evidence at all."
The state submitted evidence that there was a prior felony conviction and evidence that the defendant was the same person who was convicted of the prior felony. A fingerprint expert took fingerprints of Guy Bernard at the habitual offender hearing and compared those fingerprints to the fingerprints in the Texas prison records of a Guy Bernard. The expert identified fifteen "points" and testified that the F.B.I, requires only six "points" for identification. Also the trial judge had before him the Texas prison records containing two photographs of the Guy Bernard in the Texas prison which he could compare to the Guy Bernard in the present case. Finally, the defense does not dispute that defendant was the same person who was convicted of a prior felony in Texas.
Assignment of Error No. 1 lacks merit.

*1299 Assignment of Error No. 3

By Assignment of Error No. 3 defendant asserts that the trial court erred in finding him a second felony offender because competent evidence did not support such a finding. In brief defense counsel additionally argues that the first conviction was obtained in violation of federal constitutional rights of the accused. Defendant correctly argues that if the conviction was obtained without compliance with the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), then the prior conviction cannot be used to enhance a defendant's penalty under R.S. 15:529.1. Defendant also correctly contends that the record must affirmatively show that the defendant was advised of his rights and that he knowingly, intelligently and affirmatively waived his rights.
In State v. Hoffman, 345 So.2d 1 at 4 (La.1977), the defense argued that the records in the cases charged in the habitual offender bill as prior felony convictions were silent as to whether the defendant was advised of his rights under Boykin when he pleaded guilty. Noting that under the Boykin rationale the record must show that the pleas were counseled or waivers of counsel, this court cited City of Monroe v. Coleman, 304 So.2d 332 (La.1974), and stated the following standards:
". . . The record must affirmatively show that the accused either was accompanied by counsel or that he was informed of his right to counsel and waived that right, and that the plea was knowingly and intelligently entered. See also State v. Guillotte, 297 So.2d 423 (La. 1974); State v. Coody, 275 So.2d 773 (La. 1973).
In the absence of such showing, such convictions cannot serve to enhance the penalty under the multiple offender statute." 345 So.2d at 4.
The only evidence in the record relevant to the circumstances surrounding defendant's previous guilty plea is Exhibit S-1. A copy of the judgment on plea of guilty entered in the Texas court formed part of Exhibit S-1. The copy of the judgment indicates that defendant, Guy Bernard, in the presence of his attorney, Frank Coffey, appeared before the Texas court and pleaded guilty to unlawful possession of a narcotic drug (heroin). Printed language on the judgment indicates that defendant appeared to the court mentally competent and not influenced by any consideration of fear or any persuasion prompting him to confess his guilt, and that the court admonished the defendant as to the consequences of such a plea. There is no merit in this assignment. See Loper v. Beto, 405 U.S. 473 at 481, 92 S.Ct. 1014 at 1018, 31 L.Ed.2d 374 at 380-381 (1972); Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); State v. Bell, 324 So.2d 451 (La. 1975); State v. Fuller, 312 So.2d 287 (La. 1975).
For the reasons assigned, the conviction and sentence of defendant are affirmed.
SANDERS, C. J., concurs.
NOTES
[1] 28 U.S.C. § 1739 provides:

"All nonjudicial records or books kept in any public office of any State, Territory, or Possession of the United States, or copies thereof, shall be proved or admitted in any court or office in any other State, Territory, or Possession by the attestation of the custodian of such records or books, and the seal of his office annexed, if there be a seal, together with a certificate of a judge of a court of record of the county, parish, or district in which such office may be kept, or of the Governor, or secretary of state, the chancellor or keeper of the great seal, of the State, Territory, or Possession that the said attestation is in due form and by the proper officers.
If the certificate is given by a judge, it shall be further authenticated by the clerk or prothonotary of the court, who shall certify, under his hand and the seal of his office, that such judge is duly commissioned and qualified; or, if given by such Governor, secretary, chancellor, or keeper of the great seal, it shall be under the great seal of the State, Territory, or Possession in which it is made.
Such records or books, or copies thereof, so authenticated, shall have the same full faith and credit in every court and office within the United States and its Territories and Possessions as they have by law or usage in the courts or offices of the State, Territory, or Possession from which they are taken."
[2] 28 U.S.C. § 1738 provides:

"The Acts of the legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession thereto.
The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.
Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."