HIGHTOWER, Judge.
Defendant, Elmore D. Wheatley, was charged with three counts of armed robbery, each violation allegedly occurring on a different date. He was tried by jury and convicted of Count 3 which had been severed. Subsequently adjudged a second felony offender by the court, he was sentenced to 33 years imprisonment at hard labor without benefit of probation, parole or suspension of sentence. On appeal, three assignments of error are presented. We affirm both the conviction and sentence.
ASSIGNMENT OF ERROR NO. 1
In this assignment, defendant contends that the evidence adduced at trial did not support his conviction of armed robbery. Of course, in reviewing the sufficiency of the evidence, an appellate court must determine if a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could conclude that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Stewart, 541 So.2d 336 (La.App.2d Cir.1989). To support a conviction of armed robbery, the evidence must show (1) that the defendant took (2) something of value belonging to another (3) from the person or in the immediate control of the other (4) by use of force or intimidation (5) while armed with a dangerous weapon. See LSA-R.S. 14:64; State v. Brown, 517 So.2d 359 (La.App. 5th Cir.1987).
On the night of the offense, Dorothy Ryan was substituting for a friend as the desk clerk at the David Motel in Bossier City. She testified that assorted change *726 and 1, 5, and 10 dollar bills, totaling $93.50, were loose on a shelf in the counter she was working behind, and a packet containing a smaller envelope filled with $200 in 20 dollar bills was fastened under the counter. No one would be aware of the packet, Ms. Ryan stated, unless he stood in the window or the back door and observed the envelope being taken out and replaced. Ms. Ryan recalled having her loaded .38 caliber Frontier derringer on the same shelf as the money. That weapon was capable of being fired while in its holster.
It was shortly after midnight, on October 24,1987, when a tall black man, whose face initially was obscured by a wide brimmed hat, entered the motel office and proceeded to the corner of the counter behind which Ms. Ryan was seated. Realizing that something unusual was occurring, Ms. Ryan, who was alone, reached for her derringer. The intruder, later determined to be the defendant, stated that he wanted the money, and a struggle ensued during which Ms. Ryan was struck and her assailant armed himself with her holstered gun. He scooped up the loose money and then asked for, and was handed, the envelope fastened under the counter. At one point, Ms. Ryan was told she would be killed if she failed to relinquish all of the money in the office.
In making a hurried exit, defendant dropped the envelope taken from under the counter. Ms. Ryan handed the envelope to him, however, after he threatened to shoot her if she did not do so. At this point, she had a good clear view of his face.
Bossier City police soon located defendant hiding in a shed in the backyard of a nearby house. Ms, Ryan’s derringer and a substantial amount of money, including eight $20 bills, were taken from him.
Several days later, upon viewing a police photographic line-up, Ms. Ryan indicated the defendant was the perpetrator of the crime. She also later identified defendant as the robber in a live line-up and in the courtroom during trial. The police officers identified defendant in court as the individual they arrested that night.
The testimony by Ms. Ryan and the police officers, coupled with the positive identifications of defendant, clearly provide sufficient evidence to support the conviction. See, for example, State v. Lee, 458 So.2d 533 (La.App. 4th Cir.1984), wherein the victim's account of the crime and her identification of the defendant as the perpetrator were sufficient to sustain a conviction in spite of alibi testimony.
ASSIGNMENT OF ERROR NO. 2
In this assignment, defendant contends the trial court erred in finding him to be a recidivist pursuant to LSA-R.S. 15:529.1. More particularly, he asserts the court erroneously admitted documents into evidence during the state’s attempt to establish his 1984 felony conviction in California. Also, he complains that the court erred in accepting Deputy Mark Green of the Bossier Parish Sheriff’s Department as an expert in fingerprint identification. Defendant further maintains the state failed to prove that he was the individual previously convicted in California. Finally, defendant asserts that it was not shown that the California offense would have been a felony under Louisiana law, a requirement of the habitual offender statute. Each of these contentions will be addressed sequentially.
A.
At the habitual offender proceeding, copies of California Department of Corrections records including fingerprints and photos were introduced over defendant’s objections. The documents included a certificate, under the seal of that state and issued by the California Secretary of State, stating that James Rowland was the Director of the Department of Corrections and keeper of its books and records and that Judith L. Metz was a proper officer to make an attestation on Mr. Rowland’s behalf concerning criminal records. Additionally, there was a copy of an authorization by Mr. Rowland for Ms. Metz to sign, on his behalf, certifications of such records. Finally, the documents included a certification by Ms. Metz, under the seal of the *727 Department of Corrections and in her capacity as Correctional Case Records Administrator, as to the correctness of the records being supplied. The Secretary of State’s certificate had also stated that this attestation by Ms. Metz was in due form.
Defendant premised his objection to the admission of these records on LSA-R.S. 15:529.1(F), which states:
The certificates of the warden or other chief officer of any state prison, or of the superintendent or other chief officer of any penitentiary of this state or any other state of the United States, or of any foreign country, or of any chief officer of any parish or county jail in this state or any other state of the United States, or of the clerk of court of the place of conviction in the state of Louisiana, under the seal of his office, if he has a seal, containing the name of the person imprisoned, the photograph, and the fingerprints of the person as they appear in the records of his office, a statement of the court in which the conviction was had, the date and time of sentence, length of time imprisoned, and date of discharge from prison or penitentiary, shall be pri-ma facie evidence of the imprisonment and of the discharge of the person, either by a pardon or expiration of his sentence as the case may be under the conviction stated and set forth in the certificate.
We agree that the records from California do not comply with the quoted statute since they were not certified by a warden, superintendent or other chief officer of the California prison. However, nonconformity with that statute does not conclusively preclude admissibility.
In State v. Bernard, 366 So.2d 1294, 1296 (La.1978), our Supreme Court stated, “[T]he proof set forth in R.S. 15:529.IF is neither sacramental nor the exclusive method of proving that defendant is a habitual offender, and the necessary facts constituting proof that the accused is a habitual offender may be established by other competent evidence.” Although the penal records in question in Bernard did not satisfy LSA-R.S. 15:529.1(F), the court found their admission proper under 28 U.S.C. § 1739[1], which provides a method of certifying nonjudicial records to insure they are accorded full faith and credit in courts of sister states.
, In the case sub judice, the official designated by the Director and custodian of the records of the California Department of Corrections attested, under seal, to the truth and correctness of the records. Further, the Secretary of State, under the great seal of the State and signature of his deputy, certified that the attestation was by the proper officer and in due form. The California records, then, substantially satisfied the requirements of the federal statute, 28 U.S.C. § 1739, and were properly admissible.
B.
Despite defendant’s objection, Deputy Mark Green of the Bossier Parish Sheriff’s Department was accepted by the trial court as an expert in fingerprint identification. Testimony of the deputy, comparing the fingerprints contained in the California *728 records with prints taken from defendant in Bossier Parish, was highly important in establishing defendant’s second felony offender status.
Deputy Green testified that he attended a two week fingerprint school in August 1983 at LSU in Baton Rouge. There he was instructed in fingerprint classification, and studied the process of matching latent fingerprints. Approximately a year later he became involved with fingerprint identification at the sheriffs office, work with which he had been involved for about four years at the time of trial. During that time he had reviewed, at a minimum, over 100 latent fingerprints and had made 15-20 matches. He had previously been accepted as an expert in Bossier and Caddo Parish courts.
The test of the competency of an expert is his knowledge of a subject about which he is called upon to express an opinion. LSA-R.S. 15:466. The competence of a witness to testify as an expert is a question of fact within the sound discretion of the trial judge and his rulings on this subject will not be disturbed unless clearly wrong. State v. Ruple, 437 So.2d 873 (La.App.2d Cir.1983). Deputy Green’s training and experience adequately support the trial court’s decision to admit his testimony as an expert.
C.
Defendant contends the evidence was insufficient to prove his identity as the person previously convicted. The criminal records from California reflect the defendant’s name there as Edward D. Wheatley rather than Elmore Dean Wheatley, the name employed in the present proceedings. Also, the height and date of birth shown in the California records do not correspond exactly to the information in the records of Bossier Parish.
In an habitual offender proceeding the state is only required to establish by competent evidence that there is a prior felony conviction and that the defendant is the same person who was convicted of the pri- or felony. State v. Bernard, supra. The sole issue to be resolved is whether evi-
dence was introduced upon which the trial judge could find the defendant is the same person as the previously convicted felon. State v. Curtis, 338 So.2d 662 (La.1976). Identification of the accused may be by testimony of witnesses, by expert testimony as to the fingerprints of the accused when compared with those in the prison record introduced, or by photographs contained in the duly authenticated record. State v. Evans, 506 So.2d 1283 (La.App.2d Cir.1987).
At the habitual offender proceeding, Deputy Green identified defendant as the person previously convicted by reviewing both the fingerprints contained in the California records and those in local records. Also, the record reveals that the trial judge viewed defendant personally in open court and concluded he was the same individual pictured in the California records. Thus, evidence was introduced which properly permitted the trial judge to find that defendant was a previously convicted felon.
D.
The crime of which he was convicted in California, defendant asserts, would not be a felony if committed in Louisiana. We disagree.
The “Abstract of Judgment — Commitment” found in the material from California indicates that defendant was convicted of robbery in violation of § 211 of that state’s penal code, and ordered to serve two years in the California Institution for Men. LSA-R.S. 15:424 provides that the published statutes of other states are pri-ma facie evidence of the statute law of the state from which they purport to emanate, without being filed in evidence. We have accordingly examined the pertinent statute. Parenthetically, under the new LSA-C.E. Art. 202, which essentially follows the prior law, Louisiana courts must take judicial notice of the laws of other states.
Section 211 of the California Penal Code provides, “Robbery is the felonious taking of property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.” Cal. Penal Code § 211 *729 (West). Louisiana law categorizes robbery as armed robbery (LSA-R.S. 14:64), first degree robbery (LSA-R.S. 14:64.1), and simple robbery (LSA-R.S. 14:65). The elements of armed robbery were outlined earlier, and first degree robbery contains identical elements except that the perpetrator merely leads the victim to believe he is armed with a dangerous weapon.[2] Simple robbery also involves taking the property of another by force or intimidation [fear], but occurs when the assailant is not armed.[3]
The California statute under scrutiny does not mention “dangerous weapon” and it parallels, by virtue of its elements, our crime of simple robbery. Under LSA-R.S. 14:65(B), simple robbery is punishable by imprisonment with or without hard labor for not more than seven years. LSA-R.S. 14:2(4) states that a felony is any crime for which the offender may be sentenced to death or imprisonment at hard labor. Thus, our crime of simple robbery is a felony, and, accordingly, defendant’s California robbery offense, if committed here, would be a felony.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 3
In this assignment, defendant contends that the admission at trial of references to his narcotics addiction constitutes error patent.
LSA-C.Cr.P. Art. 920 provides that errors properly assigned and errors discoverable by a mere inspection of the pleadings and proceedings, and without inspection of the evidence, are the only matters to be considered on appeal. The present question regarding addiction “references” was not assigned as error in the trial court, being raised for the first time in brief to this court, and is not error patent since its review would entail inspection of the evidence, namely, the testimony. Besides, the only testimony in any way concerning narcotics was given by Officer Richard Polanski. His statement, merely that a hypodermic needle, a small pistol, and a quantity of cash were taken from defendant’s person at the time of arrest, was admitted without contemporaneous objection as required by LSA-C.Cr.P. Art. 841.
This assignment also lacks merit.
CONCLUSION
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. 28 U.S.C. § 1739 provides:
All nonjudicial records or books kept in any public office of any State, Territory, or Possession of the United States, or copies thereof, shall be proved or admitted in any court or office in any other State, Territory, or Possession by the attestation of the custodian of such records or books, and the seal of his office annexed, if there be a seal, together with a certificate of a judge of a court of record of the county, parish, or district in which such office may be kept, or of the Governor, or secretary of state, the chancellor or keeper of the great seal, of the State, Territory or Possession that the said attestation is in due form and by the proper officers.
If the certificate is given by a judge, it shall be further authenticated by the clerk or pro-thonotary of the court, who shall certify, under his hand and the seal of his office, that such judge is duly commissioned and qualified; or, if given by such Governor, secretary, chancellor, or keeper of the great seal, it shall be under the great seal of the State, Territory or Possession in which it is made.
Such records or books, or copies thereof, so authenticated, shall have the same full faith and credit in every court and office within the United States and its Territories and Possessions as they have by law or usage in the courts or offices of the State, Territory or Possession from which they are taken.

. LSA-R.S. 14:64.1(A):
First degree robbery is the taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use of force or intimidation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon.

. LSA-R.S. 14:65(A):
Simple robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon.