699 So.2d 1179 (1997)
STATE of Louisiana, Plaintiff-Appellee,
v.
James Edward BURNS, Defendant-Appellant.
No. 29632-KA.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1997.
*1180 James M. Stephens, Winnsboro, for Defendant-Appellant.
Richard Ieyoub, Attorney General, William R. Coenen, Jr., District Attorney, John M. Lancaster, Assistant District Attorney, for Plaintiff-Appellee.
Before NORRIS, WILLIAMS and CARAWAY, JJ.
NORRIS, Judge.
After being convicted and sentenced for unauthorized entry of a place of business, R.S. 14:62.4, defendant James Edwards Burns was billed as a habitual offender, R.S. 15:529.1. At a hearing, Burns admitted two prior convictions for top-grade unauthorized use of a movable and middle-grade theft. Finding Burns a third felony offender, the District Court amended its original sentence of six years at hard labor to 10 years at hard labor. Burns now appeals his habitual offender adjudication and sentence. For the reasons expressed, we affirm.
Because Burns's assignments of error do not contest the subject conviction or any predicate offense, we pretermit discussion of the facts.
By his first assignment Burns urges the District Court failed to interpret the habitual offender statute, R.S. 15:529.1, "strictly, as written, and in favor of the defendant, as required by law." Specifically he argues that by strict construction of § 529.1 A(1), the only predicate felonies that can be considered in imposing an enhanced sentence are certain serious Controlled Dangerous Substances Law felonies or crimes of violence. Section 529.1 A(1) states:
Any person who, after having been convicted within this state of a felony or adjudicated a delinquent under Title VIII of the Louisiana Children's Code for the commission of a felony-grade violation of either the Louisiana Controlled Dangerous Substances Law involving the manufacture, distribution, or possession with intent to distribute a controlled dangerous substance or a crime of violence as listed in Paragraph (2) of this Subsection, * * * thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
(emphasis added)
Burns contends that the emphasized prepositional phrase, which limits or modifies the application of the Statute by permitting only certain CDS felonies and crimes of violence to count as predicate felonies, applies both to "convicted of a felony" and to "adjudicated a delinquent." Since neither of his predicate convictions falls into these categories, Burns argues the court was in error to adjudicate him a third felony offender.
In the absence of an express legislative intent, the principles of lenity require that any ambiguity in a sentencing statute be resolved in favor of the defendant. State v. Becnel, 93-2536 (La.5/31/96), 674 So.2d 959, and citations therein. However, criminal statutes must be given a "genuine construction." R.S. 14:3; State v. Young, 357 So.2d 503 (La.1978). This court addressed the interpretation *1181 of modifying clauses in criminal statutes in State v. Anderson, 540 So.2d 974 (La.App. 2d Cir.1989):
There is a rule of statutory interpretation that the presence of a comma separating a modifying clause in a statute from the clause immediately preceding is an indication that the modifying clause was intended to modify all the preceding clauses and not just the last antecedent one. However, the general rule is that relative and qualifying clauses are to be applied to the words or phrase immediately preceding and are not to be construed as extending to or including others more remote. See 82 C.J.S. Statutes, § 334, at 670, 671 (1953).
(emphasis added)
This rule governs § 529.1 A(1). The prepositional phrase "for the commission of a felony-grade violation of either the Louisiana Controlled Dangerous Substances Law * * * or a crime of violence listed in Paragraph (2) of this Subsection" is not preceded by a comma. A fair construction of the entire sentence is that the phrase applies only to delinquency adjudications, not to all felony convictions. See also Buras v. Fidelity & Deposit Co. of Maryland, 197 La. 378, 1 So.2d 552 (1941).
The legislative history fortifies this construction. Prior to amendment by La. Acts 1994, 3d Ex.Sess., No. 23, § 529.1 A(1) provided as follows:
Any person who, after having been convicted within this state of a felony, * * * thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
There is no limitation for serious CDS offenses or violent felonies. The 1994 amendment added the phrase, "or adjudicated a delinquent under Title VIII of the Louisiana Children's Code for the commission of a felony-grade violation of either the Louisiana Controlled Dangerous Substances Law * * * or a crime of violence listed in Paragraph (2) of this Subsection[.]" Thus the limitation for serious CDS felonies and violent felonies was inserted simultaneously with the addition of prior juvenile delinquency adjudications as predicate felonies. Thus the limitation is apparently meant to apply to the use of delinquency adjudications, not to all predicate felonies.
Moreover, an interpretation in pari materia with the other paragraphs of the statute discloses an obvious legislative intent to apply the serious CDS and violent felony provision to juvenile delinquent adjudications only.[1] Paragraphs D(1)(a) and D(3) clearly indicate that all prior adult felonies, not just serious CDS offenses and violent felonies, may be used as predicate offenses.
Finally, the legislature's purpose in creating this special provision appears reasonable. Delinquency proceedings are considered "extraordinary" and, unlike adult prosecutions, are tailored to provide the juvenile with "care, guidance, and control that will be conducive to his welfare and the best interests of the state[.]" La. Ch.C. arts. 101, 801. Until 1994, delinquency adjudications were not proper predicates for enhancing adult sentences. The statute now permits their use, but the legislature was entitled to respect the extraordinary nature of juvenile cases and permit only the most serious offenses to be utilized as predicates. We do not find a similar intent to limit the use of adult felony convictions.
For these reasons, Burns's first assignment of error lacks merit.
By his second assignment Burns urges the District Court erred in using, as predicate felonies, prior offenses which were only "relative felonies," not "true felonies," in that they required only a six-person jury instead of 12-person.
*1182 The concept of a "relative felony" is not defined by either the Louisiana Constitution or statutes. A "felony," however, is defined as any crime for which an offender may be sentenced to death or imprisonment at hard labor. R.S. 14:2(4). Cases in which the punishment may be confinement at hard labor shall be tried before a jury of six persons, all of whom must concur to render a verdict. La. Const. art. I, § 17; C.Cr.P. art. 782. The expression "relative felony" is commonly used to refer to crimes for which hard labor may or may not be imposed, and are tried by six-member juries. See, e.g., State v. Robinson, 361 So.2d 864 (La.1978), fn. 1; State v. Brown, 490 So.2d 601 (La.App. 2d Cir.1986).[2]
To obtain sentence enhancement under R.S. 15:529.1, the State need only prove a prior felony conviction and that the defendant is the person convicted of the earlier offense. State v. Bernard, 366 So.2d 1294 (La.1978); State v. Shepherd, 566 So.2d 1127 (La.App. 2d Cir.1990). The statute does not exclude from consideration those felonies which do not carry mandatory hard labor. This court declines to draw a distinction where the statute makes none.[3] Burns's second assignment lacks merit.
By his third assignment Burns urges the District Court erred in setting aside his legal sentence of six years at hard labor, and imposing the enhanced sentence of 10 years at hard labor. He contends that La.C.Cr.P. art. 881 A prohibits any amendment or change to a valid sentence once execution of the sentence has begun, except in the event of a motion to reconsider sentence under art. 881.1. Because he had already begun to serve his original sentence, Burns argues the court could not impose the enhanced sentence under R.S. 15:529.1.
Despite the general provisions of art. 881, the habitual offender statute specifically states that "at any time, either after conviction or sentence," the prosecutor may file a bill of information charging the defendant as a habitual offender, and the court "shall cause the person, whether confined in prison or otherwise, to be brought before it[.]" R.S. 15:529.1 D(1)(a). This establishes an exception to the general rule of art. 881, and does not invalidate the habitual offender statute. State v. Williams, 326 So.2d 815 (La.1976); State v. Veal, 565 So.2d 1096 (La.App. 4th Cir.1990).[4] This assignment lacks merit.
Finding no merit in any of the assigned error, we have reviewed the entire record; we find nothing we consider to be error patent. La.C.Cr.P. art. 920(2).
For these reasons, the adjudication and sentence are
AFFIRMED.
NOTES
[1] Paragraph D(1)(a) states: "If, at any time, after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state or adjudicated a delinquent under Title VIII of the Louisiana Children's Code for the commission of a felony-grade violation of either the Louisiana Controlled Dangerous Substances Law * * * or a crime of violence as listed in Paragraph (2) of Subsection A of this Section * * *."

Paragraph D(3) states: "When the judge finds that he has been convicted of a prior felony or felonies or adjudicated a delinquent as authorized in Subsection A, * * *."
[2] Under the Constitution of 1921, a relative felony was also considered an offense "punishable by confinement at hard labor or confinement without hard labor for more than six months." State v. Thomas, 319 So.2d 789 (La.1975).
[3] "Ubi lex non distinguit, nec nos distinguere debemus." State v. Hart, 48 La. Ann. 1008, 20 So. 186 (1896).
[4] "Lex generalis non derogat speciali." Louisiana Improvement Co. v. Baton Rouge Elec. & Gas Co., 114 La. 534, 38 So. 444 (1905).