PER CURIAM.
| TWrit granted; stay vacated; case remanded. This Court’s jurisprudence regarding the funding of costs and expenses of pro bono counsel appointed to represent indigent defendants in criminal cases has evolved primarily in the context of capital prosecutions in which the heightened need for reliability invariably requires substantial financial investment in the services of investigators and experts as counsel prepares for both the guilt and sentencing stages of trial. State v. Citizen, 04-1841 (La.4/1/05), 898 So.2d 325; State v. Craig, 93-2515 (La.5/23/94), 637 So.2d 437; State v. Wigley, 624 So.2d 425 (La.1993). In that context, a trial court appropriately considers at the outset whether funding is available to private counsel appointed to represent the defendant, and if it is not, as we made clear in Citizen, may consider staying the proceedings until funding is made available. The court thereby avoids confronting counsel with a choice either to undertake a considerable financial burden with no certainty of repayment or to fore-go the expense of obtaining additional resources at the risk of rendering |2ineffective assistance, particularly at the sentencing stage of the capital proceeding. See, e.g., Rompilla v. Beard, 545 U.S. 374, 125 S.Ct. 2456, 162 L.Ed.2d 360 (2005); Wiggins v. Smith, 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003).
In the context of non-capital prosecutions, such as the present case, a trial court may not appropriately presume that counsel will invariably require substantial additional resources to represent the defendant adequately at trial. Testimony adduced at the hearing on counsel’s motion for funding indicated that only two pro bono counsel had asked the District Public Defender for additional funds for investigators, in amounts not more than $1000, and that the funds had in fact been found despite a cutback in overall services that led to a marked increase in the appointment of pro bono counsel. A trial court acts prematurely in staying the proceedings in non-capital cases at the outset on a generalized undifferentiated request *499 by pro bono counsel for funding and before counsel has made a particularized showing funds are necessary for investigators or experts according to the standard we set forth in State v. Touchet, 93-2889, p. 6 (La.9/6/94), 642 So.2d 1213, 1216: “there exists a reasonable probability both that an expert would be of assistance to the defense and that the denial of expert assistance would result in a fundamentally unfair trial.” See also State v. Madison, 345 So.2d 485, 490 (La.1977) (“The right to a private investigator may in many cases be an adjunct to the right to counsel: furnishing counsel to the indigent defendant is not enough if counsel cannot secure information on which to construct a defense.... Therefore, when an indigent defendant shows that his attorney is unable to obtain existing evidence crucial to the defense, the means to obtain it should be provided for him, and if the indigent defendant system cannot defray the expense, the State ought to supply the funds.”). If counsel makes that particularized showing, and funding |sdoes not appear forthcoming, the trial court may then consider other appropriate alternatives, including a stay of the proceedings, until funding is made available.