CRICHTON, J.,
concurs and assigns reasons.
IT concur in the decision to deny the writ. This Court’s jurisprudence regarding the funding of costs and expenses of pro bono counsel appointed to represent indigent defendants in criminal cases developed in the context of capital prosecutions in which the heightened need for reliability invariably requires substantial financial investment in the services of investigators and experts as counsel prepares for both the guilt and sentencing stages of trial. State v. Citizen, 04-1841 (La.4/1/05), 898 So.2d 325; State v. Craig, 93-2515 (La.5/23/94), 637 So.2d 437; State v. Wigley, 624 So.2d 425 (La.1993). Thus, in a capital prosecution, a trial court appropriately considers at the outset whether funding is available to private counsel appointed to represent the defendant, and if it is not, as we made clear in Citizen, may consider staying the proceedings until funding is made available. “In the context of non-capital prosecutions, such as the present case”, this Court clarified in State v. Kyle, 13-0647 (La.6/14/13), 117 So.3d 498, that “a trial court may not appropriately presume that counsel will invariably require substantial additional resources to represent the defendant adequately at trial.” Thus, in a non-capital prosecution, counsel must make a “particularized showing” of the need for funding when it does not appear forthcoming. Id.
In the present case, in which counsel is appointed to provide pro bono representation to an indigent defendant charged with three relative felonies, see generally State v. Burns, 29,632, p. 4 (La.App. 2 Cir. 9/24/97), 699 So.2d 1179, 1182, counsel filed a motion to determine funding for reimbursement of overhead and out-of-pocket expenses or, in the alternative, asking to withdraw from the representation. The district court denied the motion and the court of appeal denied the writ application on the showing made. In his motion, counsel did not make any particularized allegation of the “reasonable overhead costs and reasonable expenses incurred in the course of the assigned representation.” See generally Wigley, 624 So.2d at 430 (emphasis added). Instead, counsel reproduced a generic definition of the term “overhead costs” in the motion. Therefore, the district court did not abuse its discretion in summarily denying the motion based on counsel’s generalized, undifferentiated request. Furthermore, while providing an extensive offer of proof in support of his allegation that funding is not forthcoming, counsel offered no proof of any particularized overhead costs and reasonable expenses that would be incurred in the course of this representation. Therefore, we find no error in the rulings of the courts below.
HUGHES, J., would grant the writ.
_JjThis matter should be remanded to the trial court for a determination on the record whether “adequate funding is not available” in accordance with this court’s decision in State v. Citizen, 898 So.2d 325 (La.4/1/05). Avoiding the issue will not further its resolution.