DOMENGEAUX, Chief Judge,
concurs in part and dissents in part.
I concur in the reversal of Louetta Gas-pard’s conviction but, for the following reasons, dissent from the reversal of Merk Gas-pard’s conviction.
In my view, the evidence in the record is sufficient to support Mr. Gaspard’s conviction. Mr. Gaspard interfered with and resisted the deputies, who were acting in their official capacity and authorized by law to arrest defendants’ son. The officers were not merely conducting an investigation as to Faron Gaspard’s whereabouts. Mr. Gas-pard’s illegal actions consisted of lying to the officers and refusing to let them enter his residence to effectuate a lawful arrest. These actions were committed in violation of La.R.S. 14:108 and constitute grounds for conviction under the statute.
The cases relied upon by the majority to reverse Mr. Gaspard’s conviction are not analogous to the instant case. All of the cited cases address a defendant’s conduct during a police investigation, which is not *374 sufficient to support a conviction under See. 14:108. By contrast, this case does not involve Merk Gaspard’s conduct during an investigation; rather, it involves his conduct during an attempted arrest. Mr. Gaspard lied to Lt. Patterson after Patterson specifically said he had an arrest warrant for Faron Gaspard. The officers’ unrefuted testimony shows that Mr. Gaspard was clearly informed that they were there to effectuate an arrest and were necessarily and obviously in the “arrest stage,” as the majority calls it, of their work.
The ease of State ex rel. Bailey v. City of West Monroe, 418 So.2d 570 (La.1982), is more pertinent to the facts presented herein. In Bailey, the Louisiana Supreme Court upheld a conviction for resisting an officer where the defendant, the mother of a shoplifting suspect, counselled her daughter to refrain from identifying herself to the arresting officer. The defendant was convicted of violating West Monroe City Ordinance 70, which tracks the language of La.R.S. 14:108. The court referred to the similar language of the ordinance and the state statute in affirming the conviction and held that the defendant’s verbal instruction to her daughter constituted the offense of resisting an officer. Likewise, in the case sub judiee, I believe Merk Gaspard’s misrepresentations and delaying tactics were sufficient, given the facts herein, to constitute the offense of resisting an officer.
Accordingly, I dissent from the reversal of Merk Gaspard’s conviction.