960 So.2d 1208 (2007)
STATE of Louisiana, Appellee,
v.
Thomas Breon BUTLER, Appellant.
No. 41,985-KA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 2007.
*1209 Louisiana Appellate Project by Carey J. Ellis, III, for Appellant.
Thomas Breon Butler, pro se.
Paul J. Carmouche, District Attorney, Catherine M. Estopinal, Shenequa L. Grey, Assistant District Attorneys, for Appellee.
Before WILLIAMS, STEWART and MOORE, JJ.
STEWART, J.
The defendant, Thomas Breon Butler, was convicted of attempted obstruction of justice, adjudicated a second felony offender, and sentenced to ten years at hard labor without benefits of probation or suspension of sentence. We find no merit to *1210 the arguments asserted in this appeal, and we affirm the defendant's conviction and sentence. Appellate defense counsel's motion to withdraw is granted.

FACTS
The defendant was charged by bill of information with obstruction of justice for allegedly tampering with evidence in a criminal proceeding in which a sentence of death or life imprisonment may be imposed. He entered a not guilty plea, and a jury trial was held.
At trial, Detectives Russell Ross and Chuck Andrews of the Shreveport Police Department testified that the defendant's brother, Timothy Butler, was a suspect in a robbery and homicide that was under investigation. Timothy was arrested pursuant to a warrant on January 4, 2002. At the time of the arrest, Timothy was in a vehicle with the defendant, his brother. Though not revealed at trial, the defendant was also arrested for possession of a firearm by a convicted felon and was brought in for questioning.
After being advised of and waiving his Miranda rights, the defendant was interviewed regarding any information he might have about his brother's involvement in the robbery and homicide. The defendant agreed to submit to DNA testing. He signed an epithelial cells submission form reflecting his voluntary submission of epithelial cells for extraction of DNA. Detective Andrews first obtained the epithelial cells from Timothy and then from Thomas. The swabs used to collect the cells were placed in respectively-labeled sample boxes, and the boxes were placed on a bookshelf in Detective Ross's office where the defendant had been interviewed. Detective Andrews left the office after taking the sample. Shortly after, Detective Ross stepped outside his office and walked a few feet down the hall to look for Andrews, leaving the defendant alone for a period between twenty seconds to a minute.
When Detective Ross returned to his office, he saw the defendant bent over his desk with his head obscured from sight. When the defendant stepped away from the desk, Ross saw that he had a swab cupped in his right hand. The box labeled as containing Timothy's epithelial cell sample had been opened and the swab removed. According to Ross, the defendant explained that he thought Timothy committed the murder, and he was trying to prevent the police from obtaining evidence by somehow contaminating or destroying the sample. Ross explained to the defendant that his story did not make sense, because they could easily obtain another sample from Timothy.
Both the defendant and his brother again voluntarily submitted epithelial cell samples. The offense report was written by Detective Ross four days after the commission of the offense. By then, the original samples had been thrown away.
The state also presented the testimony of Corporal Clarence Van Wray regarding the execution of the warrant that led to the arrests of the defendant and his brother. The defense did not present any testimony.
The jury found the defendant guilty of attempted obstruction of justice, a violation of La. R.S. 14:27 and La. R.S. 14:130.1. The state filed a habitual offender bill alleging the defendant to be a second felony offender. The defendant pled not guilty. After a hearing, the trial court adjudicated him a second felony offender. On September 7, 2004, the trial court denied the defendant's motions for a new trial and for post verdict judgment of acquittal and then imposed the sentence of ten years at hard labor without benefits of probation or suspension of sentence and with credit for time served. In imposing *1211 the sentence, the trial court noted that the defendant did not have an extensive criminal history and that his prior felony had not been a crime of violence. Thus, she imposed the minimum sentence allowable under the law.
On July 19, 2006, the defendant filed a pro se motion for an out-of-time appeal, which was granted by the trial court. After noting the defendant's self-representation, this court remanded the matter to the trial court for either valid waiver of counsel or determination of indigency and appointment of counsel. After the defendant indicated he desired counsel and was indigent, the Louisiana Appellate Project enrolled on his behalf. In the meantime, the defendant had filed a pro se brief.
Appointed counsel, Carey Ellis, filed an Anders brief and a motion to withdraw, alleging he found no non-frivolous issues to raise on appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176; State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir. 1990). He noted that the bills of information charging the defendant with obstruction of justice and the habitual offender bill were properly filed and signed by an assistant district attorney. Also, the defendant was present in court and represented by counsel at all important stages of the proceedings, including arraignment, the jury trial, the habitual offender hearing, and sentencing. Ellis requested that the defendant be allowed to file a supplement to his pro se brief, if necessary.
On February 22, 2007, this court issued an order holding defense counsel's motion to withdraw in abeyance and granting the defendant the opportunity to file a supplemental brief. The defendant filed both a pro se supplemental brief and "clarifications" of his brief raising the issues addressed below.

DISCUSSION
Sufficiency of the Evidence
The defendant argues that the evidence was insufficient to support his conviction. He believes that the destruction of the swab and box from the first epithelial sample taken from his brother, Timothy, which he refers to as "State's Exhibit Unknown," deprived him of evidence in his favor and requires a reversal of the guilty verdict.
When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
The defendant was convicted of the responsive verdict of attempted obstruction of justice. La. R.S. 14:130.1 defines obstruction of justice in pertinent part as follows:
A. The crime of obstruction of justice is any of the following when committed with the knowledge that such act has, reasonably may, or will affect an actual or potential present, past, or future criminal proceeding as hereinafter described:
(1) Tampering with evidence with the specific intent of distorting the results of *1212 any criminal investigation or proceeding which may reasonably prove relevant to a criminal investigation or proceeding. Tampering with evidence shall include the intentional alteration, movement, removal, or addition of any object or substance either:
(a) At the location of any incident which the perpetrator knows or has good reason to believe will be the subject of any investigation by state, local, or United States law enforcement officers; or
(b) At the location of storage, transfer, or place of review of any such evidence.
Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose. La. R.S. 14:27 A.
In State v. Hannon, 37,351 (La.App.2d Cir.8/20/03), 852 So.2d 1141, this court held:
A jury has the prerogative to compromise and render a lesser verdict whenever it could have convicted as charged. State v. Mitchell, 35,970 (La.App.2d Cir.5/08/02), 818 So.2d 807; State v. Bryant, 33,078 (La.App.2d Cir.3/1/00), 754 So.2d 387. Even if an offense is legislatively designated as responsive by La. C. Cr. P. art. 814, a defendant may timely object to an instruction on a responsive verdict on the basis that the evidence does not support that responsive verdict. La. C. Cr. P. art. 814(C). State v. Mitchell, supra; State v. Johnson, 30,078 (La.App.2d Cir.12/10/97), 704 So.2d 1269, writ denied, 98-0382 (La.6/26/98), 719 So.2d 1054. Absent a contemporaneous objection, however, a defendant cannot complain if the jury returns a legislatively-approved responsive verdict, even where there is insufficient evidence to support such a verdict, provided that the evidence is sufficient to support the charged offense. State v. Schrader, 518 So.2d 1024 (La.1988), cert. denied, 498 U.S. 903, 111 S.Ct. 265, 112 L.Ed.2d 221 (1990); State v. Mitchell, supra.

The defendant's complaints regarding the "unknown" exhibit have no merit. The jury's verdict was not based on DNA-related evidence, nor do the elements of the crime for which he was convicted require such evidence to prove the commission of the crime. In any event, the defense did not make any objection on the record to the responsive verdict of attempted obstruction of justice. When the evidence, including the testimony of Detectives Ross and Andrews, is viewed in the light most favorable to the prosecution, a rational trier of fact could reasonably conclude that all of the elements of the charged offense were proven beyond a reasonable doubt. The testimony established that the defendant and his brother voluntarily submitted epithelial samples for DNA testing and that the defendant, when momentarily alone in Detective Ross's office, tampered with the evidence by opening the box containing Timothy's sample and removing the swab to either destroy or contaminate the sample. Thus, we find the evidence sufficient to support the conviction for attempted obstruction of justice. This assignment is without merit.
Ineffective Assistance of Counsel and Related Claims
As a general rule, a claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief ("PCR") in the trial court than by appeal. This is because PCR creates the opportunity for a full evidentiary hearing under La. C. Cr. P. art. 930. State ex rel. Bailey v. City of West Monroe, 418 So.2d 570 (La.1982); State v. *1213 Williams, 33,581 (La.App.2d Cir.6/21/00), 764 So.2d 1164. A motion for new trial is also an accepted vehicle by which to raise such a claim. Id. However, when the record is sufficient, this issue may be resolved on direct appeal in the interest of judicial economy. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Willars, 27,394 (La. App.2d Cir.9/27/95), 661 So.2d 673.
The right of a defendant in a criminal proceeding to the effective assistance of counsel is mandated by the Sixth Amendment to the U.S. Constitution. State v. Wry, 591 So.2d 774 (La.App. 2d Cir.1991). A claim of ineffectiveness of counsel is analyzed under the two-prong test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
To establish that his attorney was ineffective, the defendant first must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. The relevant inquiry is whether counsel's representation fell below the standard of reasonableness and competency as required by prevailing professional standards demanded for attorneys in criminal cases. Strickland, supra. The assessment of an attorney's performance requires his conduct to be evaluated from counsel's perspective at the time of the occurrence. A reviewing court must give great deference to trial counsel's judgment, tactical decisions, and trial strategy, strongly presuming he has exercised reasonable professional judgment. State v. Moore, 575 So.2d 928 (La. App. 2d Cir.1991). See also State v. Tilmon, 38,003 (La.App.2d Cir.04/14/04), 870 So.2d 607, writ denied, 2004-2011 (La.12/17/04), 888 So.2d 866.
Second, the defendant must show that counsel's deficient performance prejudiced his defense. This element requires a showing that the errors were so serious as to deprive the defendant of a fair trial, i.e., a trial whose result is reliable. Strickland, supra. The defendant must prove actual prejudice before relief will be granted. It is not sufficient for the defendant to show the error had some conceivable effect on the outcome of the proceedings. Rather, he must show that but for counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. Strickland, supra; State v. Pratt, 26,862 (La.App.2d Cir.4/5/95), 653 So.2d 174, writ denied, 95-1398 (La.11/3/95), 662 So.2d 9. A defendant making a claim of ineffective assistance of counsel must identify certain acts or omissions by counsel which led to the claim; general statements and conclusory charges will not suffice. Strickland, supra; State v. Jordan, 35,643 (La.App.2d Cir.4/3/02), 813 So.2d 1123, writ denied, XXXX-XXXX (La.5/30/03), 845 So.2d 1067.
Counsel is ineffective when he fails to interview known witnesses. State v. Potter, 612 So.2d 953 (La.App. 4th Cir.1993), writ denied, 619 So.2d 574 (La.1993). The election to call or not to call a particular witness is a matter of trial strategy and is not, per se, evidence of ineffective assistance. State v. Lee, 39,969 (La.App.2d Cir.8/17/05), 909 So.2d 672, writ denied, XXXX-XXXX (La.9/1/06), 936 So.2d 195; State v. Morrison, 32,123 (La.App.2d Cir.7/22/99), 743 So.2d 232, writ denied, 99-3514 (La.5/26/00), 762 So.2d 1103.
The defendant alleges that all counsel who represented him were ineffective. He claims that his first court-appointed attorney, Michael Bowers, failed to make him aware of the entrapment defense or any other valid defense strategy during his sole consultation. He also complains that Bowers failed to object to the filing of an amended bill of information and continuances in the trial court. The defendant *1214 complains that though he told Joe Clark, his second-court appointed attorney who represented him at trial, that he was handcuffed at the time of the alleged offense and could not have committed the crime, Clark "shockingly" concealed this fact from the jury. He generally complains of the failure to prepare a defense, to call witnesses, and to conduct a reasonable investigation. The defendant also complains about appellate counsel's filing of an Anders brief, which he deems "outrageous." Even the jailhouse lawyer is accused of ineffectiveness. In addition, the defendant complains about the qualifications of Detectives Ross and Andrews to collect the DNA evidence in the first place. Essentially, the defendant claims he was convicted as a scapegoat, because the investigation of the robbery and homicide became so bungled. He asserts that all of the above individuals, along with the trial court, were participants in a conspiracy he terms the "CACK" to bring bogus charges against him and obtain a conviction.
A review of the record reflects that the majority of the claims of ineffective assistance of counsel are more properly raised in a PCR application in the trial court than by appeal. This is because PCR creates the opportunity for a full evidentiary hearing under La. C. Cr. P. art. 930. State ex rel. Bailey v. City of West Monroe, supra; State v. Williams, supra. The record does not contain any information regarding the number and extent of both defense attorneys' consultations with the defendant, nor does it reflect the attorneys' actions in conducting a reasonable investigation, the preparation of a defense and interviewing of witnesses.
We note that the defendant was under arrest for possession of a firearm by a convicted felon at the time he committed the offense of obstruction of justice. Although the defendant complains that Clark concealed the fact of his having been under arrest and allegedly handcuffed when the offense was committed, it can be presumed from the record that the fact of his arrest was purposefully not mentioned before the jury to avoid prejudice from reference to other crimes. Counsel Clark objected to comments made by the detectives testifying at trial and moved for a mistrial twice. The trial court denied both motions. It was within the trial court's discretion to determine whether the comments would jeopardize a fair trial or whether an admonition would be adequate to assure a fair trial, and the trial court's ruling is subject to scrutiny under the abuse of discretion standard. State v. Powell, 598 So.2d 454 (La.App. 2d Cir. 1992), writ denied, 605 So.2d 1089 (La. 1992). Defense counsel declined an admonition to avoid drawing further attention to the comments by the officers. We detect no prejudice to the defense from comments by the detectives that barely alluded to other crimes. However, Clark acted diligently in addressing these issues at trial. A reviewing court must give great deference to the trial counsel's judgment, tactical decisions, and trial strategy, strongly presuming he has exercised reasonable professional judgment. See State v. Moore, supra; State v. Tilmon, supra.
Furthermore, the only "witnesses" to the offense were Detectives Ross and Andrews; therefore, the defendant's claims that his attorneys failed to interview witnesses are clearly without merit. Both officers testified at trial and were closely cross-examined by defense counsel.
Lastly, we point out that the defendant's claims against his attorneys, the trial court, and the detectives appear largely as outlandish expressions of his frustration at being convicted and his disregard for our legal system. We find no merit in his claims.
*1215 Claims of Illegal Incarceration Due to the Invalidity of the Proceedings, Including the Bills of Information, Trial, Sentencing, and Jurisdiction
The defendant claims his incarceration is illegal due to alleged problems with bills of information filed in this matter. On February 14, 2002, he was charged by bill of information with one count of obstruction of justice and one count of possession of a firearm by a convicted felon. On November 20, 2002, he was charged by an amended bill of information with one count of obstruction of justice. The defendant refers to a minute entry for July 31, 2002, that states, "Amended bill of information and supplemental discovery response were filed this day by the state." He appears to believe that this reflects another bill filed in the matter.
However, it appears that the minute entry reference to an amended bill on July 31, 2002, refers to copies of a previous bill of information for simple burglary in 1996, which were filed as supplements to the state's discovery response. The record does not include any new or amended bill filed on July 31, 2002.
Nevertheless, the defendant asserts that the bill referred to in the July 31, 2002 minute entry is void and that it invalidated the prior bill of information filed February 14, 2002. He further claims that the amended bill filed November 20, 2002, was never "disclosed" even though it was the "valid, legitimate bill going into trial" and that it invalidated all prior bills. Moreover, the "consolidation" of the bills from July 31, 2002, and November 20, 2002, created a "mongrel" bill at the arraignment. He contends the arraignment on November 20, 2002, was illegal, because it exceeded the limitations by at least five to seven months. Further, he claims the bills of information did not advise of all the elements of the crime. He asserts that his illegal, unconstitutional incarceration was caused by the invalidity of all three bills.
In the same vein, the defendant argues that the invalid bills resulted in him being sent to trial before a court that lacked jurisdiction. He accuses the trial court of illegally manipulating the bills of information and of malfeasance. Additionally, he argues that his trial was invalid due to his having no entrapment defense option. According to the defendant, all the invalid aspects of the trial makes his sentence invalid.
La. C. Cr. P. art. 384 provides that a bill of information must be filed by the district attorney in open court in a court having jurisdiction to try the offense, or in the office of the clerk of court for that court. Review of the minutes and record shows that this requirement was met. Where the wording of the bill of information is such that no prejudice or surprise is shown by the defendant, the information will be deemed sufficiently clear. State v. Sims, 426 So.2d 148 (La.1983); State v. Finch, 31,888 (La.App.2d Cir.5/5/99), 733 So.2d 716.
The technical sufficiency of the bill of information may not be questioned after conviction where the accused has been fairly informed of the charge against him by the bill, has not been prejudiced by surprise or lack of notice, has not raised an objection to the bill prior to the verdict, and is protected against further prosecution by examination of the pleadings and the evidence on the present conviction. State v. James, 305 So.2d 514 (La.1974); State v. Shelton, 545 So.2d 1285 (La.App. 2d Cir.1989), writ denied, 552 So.2d 377 (La.1989).
A review of the record reveals that the November 20, 2002, amended bill of information was in proper form. The defendant was indeed fairly informed of all the *1216 elements of the crime of obstruction of justice. He has not been prejudiced by surprise or lack of notice. He did not raise an objection to the bill prior to the verdict. Moreover, he is protected against further prosecution by examination of the pleadings and the evidence on the present conviction. The record further shows that the defense acknowledged that the defendant was fairly informed of the charges when it deemed a motion for a bill of particulars satisfied at proceedings on November 20, 2002. Hence, the defendant's claims regarding the unconstitutionality of his incarceration due to the alleged invalidity of the bill(s) of information are without merit.
Moreover, the defendant's claim of an untimely arraignment is also lacking merit. The record shows that he waived formal arraignment and pled not guilty to the amended bill of information on November 20, 2002, all in accordance with La. C. Cr. P. arts. 551 et seq. Finally, the defendant's argument that his trial was invalid because he had no entrapment defense option is nonsensical and therefore meritless.
Tainted Pretrial and Trial Proceedings  Denial of Due Process
The defendant contends that the actions of the trial court were "repulsive" and that his constitutional rights were denied. He calls his case incredibly tragic and pitiful, "especially considering the fact that the trial court aided and abetted the escape of armed robbers and murderers." He argues that his conviction should be reversed, his sentence set aside, and his time served be put toward any subsequent conviction he might have.
Having closely examined the defendant's filings and the record of the trial court proceedings, we conclude that the record does not support the defendant's claims regarding the trial court proceedings. His complaints amount to bombastic ranting regarding the trial court's rulings and the propriety of the trial court's actions. They do not assert any legitimate basis for reversal.

CONCLUSION
In light of the foregoing reasons, we affirm the defendant's conviction and sentence. The motion to withdraw filed by defense appellate counsel Carey Ellis is granted.
CONVICTION AND SENTENCE AFFIRMED.
MOTION TO WITHDRAW GRANTED.