973 So.2d 916 (2007)
STATE of Louisiana, Appellee
v.
Casandra Pratt NEWTON a/k/a Cassandra J. Pratt, Appellant.
No. 42,743-KA.
Court of Appeal of Louisiana, Second Circuit.
December 19, 2007.
*918 Hugh Cameron Murray, for Appellant.
Jerry L. Jones, District Attorney, Madeleine M. Slaughter-Young, Assistant District Attorney, for Appellee.
Before DREW, MOORE and LOLLEY, JJ.
DREW, J.
Cassandra Pratt Newton[1] was convicted of obstruction of justice, La. R.S. 14:130.1. Adjudicated as a third felony offender, she was sentenced to 15 years at hard labor without benefit of probation or suspension of sentence. We affirm.

FACTS
In the early morning hours of August 23, 2003, the Monroe Fire Department was dispatched to a fire at 804 South 4th Street, where a body was found inside the smoldering ruins of the home. The corpse was that of Ivory Latron Newton, Cassandra's husband, who shared the rental home with his wife and children.
Cassandra arrived at the blaze, claiming she had heard that Ivory had perished in the fire. She indicated that the two of them had rented a motel room for the night and she had not been home when the fire erupted. She agreed to meet with investigators, who found that an accelerant had been used to ignite the fire.
About five months before the fire, Cassandra obtained insurance policies covering the contents of the rent house. She also bought a life insurance policy on Ivory's life, with a rider allowing for additional benefits in the event that he died as a result of a fire at that location. Cassandra was the sole beneficiary of the policies.
The investigation revealed that Ivory and Cassandra had been searching for an arsonist to destroy the structure in exchange for the insurance proceeds relative to the contents of the home.
A matter of hours before the fire, the Newtons rented a truck to move some of their new furniture from their home to a storage facility. They also moved some of their newer furniture to her sister's home, in exchange of some of her old furniture, which they moved to the house that burned hours later. The owner of the truck thought it strange that the Newtons were so insistent that the furniture be moved that very evening. At the time of the fire, the house did not contain much at all.
Investigators found that the fire had been intentionally set, as evidenced by the strong odor of gasoline present in the home as well as a water can containing gasoline found within the house. An autopsy revealed that Ivory died from smoke and soot inhalation, meaning that he was alive when the fire began.
The water can was the only one of its kind sold by the local Wal-Mart within the month before the fire. The store's security tape showed Ivory arriving in Cassandra's car with another person sitting in the front seat. Inside the store, Ivory purchased the water can and a pair of black gloves identical to the ones found at the scene of the fire. The defendant was observed later that evening with an unidentified male at a Texaco gas station, where she purchased gas and other items.
*919 Shortly after the fire was discovered, Cassandra asked Shameka Coleman for a ride to her home from the motel, advising that the house was on fire and she needed to go there but could not continue to pass the scene in her own vehicle. Shameka never picked Cassandra up, but later saw the defendant, whereupon Cassandra told her, things were not supposed to happen the way they did.
Cassandra was charged with second degree murder, obstruction of justice, and arson with intent to defraud. A jury convicted her of obstruction of justice but found her not guilty of the other crimes. Initially sentenced to 10 years at hard labor, she received the 15-year sentence after her adjudication as a third felony offender.

DISCUSSION
Responsive Verdict
Defendant assigns as error the trial court's failure to list attempted obstruction of justice as a proper responsive verdict to the charge of obstruction of justice.
The state responds that defendant:
 actually objected to attempted offenses being included on the verdict form for any of the charges faced by the defendant; and
 failed to object to the charges and thus cannot now raise the issue on appeal.
Unless objected to contemporaneously, an irregularity or error in the charge to the jury may not be asserted on appeal. La. C. Cr. P. art. 841; State v. Belgard, 410 So.2d 720 (La.1982); State v. Wilson, 28,403 (La.App. 2d Cir.8/21/96), 679 So.2d 963. There are no statutory responsive verdicts provided in Article 814 for obstruction of justice, and the matter is therefore controlled by La. C. Cr. P. art. 815, which provides:
In all cases not provided for in Article 814, the following verdicts are responsive:
(1) Guilty;
(2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense is a misdemeanor; or
(3) Not guilty.
Our law on responsive verdicts in jury trials is clear.[2]
Attempted obstruction of justice is a proper responsive verdict to a bill of information charging obstruction of justice. State v. Butler, 41,985 (La.App. 2d Cir.6/20/07), 960 So.2d 1208.
After each side rested its case, the court conducted a thorough hearing as to the appropriate language of the jury charge. At one point, attempt as a responsive verdict *920 was discussed, but no specific request to include an attempt was made; neither was there any ruling on the subject. The trial court posed a question as to whether attempt should be included as a responsive verdict to the obstruction of justice charge. The dialogue went as follows:
The Court: Seems to me what's the obstruction of justice case? The concealment of
The State (Mrs. Slaughter): Moving, concealing, just moving is sufficient.
The Court: Y'all want attempt in there or just leave it? Let me look at the definition first.
Defense (Mr. Scott): I think that attempt would . . . unless attempt is included in the definition then attempt would be added if it reasonably could be found based upon the facts presented.
The Court: What's your conclusion? Of course being a defense attorney you're saying no jury can reasonably conclude that my client is guilty but it's to your advantage or disadvantage to have it in there? This is what the instruction would be . . .
Before the trial court received an answer to this query, the discussion moved to another topic, resulting in the issue never being revisited. Importantly, when the jury retired, no objection was made as to the charge.
In a motion for new trial, the defense raised the issue that the trial court failed to give a responsive verdict to the jury on the obstruction of justice charge, but focused upon the trial court's failure to include the penalty in the charge. The trial court properly ruled that the defendant failed to make a contemporaneous objection to the alleged omission, and waived any right to preserve this issue on appeal.
We agree. Discussion was had on the issue, but the defendant failed to request the possible additional charge.
La. C. Cr. P. art. 803 mandates that the trial court shall charge the jury as to the law applicable to the charged offense and to any other offenses of which the accused could be found guilty under the provisions of La. C. Cr. P. arts. 814 or 815. No one pursued this issue at trial and it is not properly preserved for our review.
Sentencing
Defendant argues that the trial judge improperly increased her potential maximum penalty by making a factual determination regarding the underlying criminal proceeding involved with the obstruction of justice charge, a determination which, she urges, should have been decided by the jury.
The state contends that the jury made all factual determinations, and the only issue determined by the trial judge was sentencing, which was within its discretion.
This recent jurisprudential holding is instructive:
[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.
Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
This case is distinguishable from the Apprendi situation, where, after conviction but before sentencing, the district attorney filed a motion for enhanced penalties under a separate statute. After conducting a hearing, the trial judge found that the defendant had indeed acted with a biased purpose, and thus the enhancement statute could be used to increase the defendant's sentence. The Supreme Court held that penalty enhancing findings cannot be made *921 by the trial judge, but the determinations of fact must be submitted to the jury. Apprendi, supra. In the instant case, the trial court made no factual determinations that would lead to an increase in the maximum sentence imposed upon the defendant.
Count Three of the bill of indictment charged the defendant as follows:
On or about 23 of Aug 2003 intentionally, wilfully and unlawfully commit the crime of obstruction of justice by the following, to-wit: attempting to remove and conceal evidence of arson with intent to defraud and aggravated arson, contrary to the provisions of R.S. 14:130.1.
(Our emphasis.)
The penalty provision of La. R.S. 14:130.1 provides as follows:
B. Whoever commits the crime of obstruction of justice shall be subject to the following penalties:
(1) When the obstruction of justice involves a criminal proceeding in which a sentence of death or life imprisonment may be imposed, the offender shall be fined not more than one hundred thousand dollars, imprisoned for not more than forty years at hard labor, or both.
(2) When the obstruction of justice involves a criminal proceeding in which a sentence of imprisonment necessarily at hard labor for any period less than a life sentence may be imposed, the offender may be fined not more than fifty thousand dollars, or imprisoned for not more than twenty years at hard labor, or both.
(3) When the obstruction of justice involves any other criminal proceeding, the offender shall be fined not more than ten thousand dollars, imprisoned for not more than five years, with or without hard labor, or both.
La. R.S. 14:53, arson with intent to defraud, provides, "Whoever commits the crime of arson with intent to defraud shall be fined not more than ten thousand dollars, imprisoned with or without hard labor for not more than five years, or both."
La. R.S. 14:51 provides, in part, whoever commits the crime of aggravated arson shall be imprisoned at hard labor for not less than six nor more than 20 years, and shall be fined not more than $25,000. Two years of such imprisonment at hard labor shall be without benefit of parole, probation, or suspension of sentence.
La. R.S. 15:529.1 A(1)(b)(i) provides if the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then the person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction.
The law on the rule of lenity is well established.[3]
*922 The existence of dual sentencing schemes did not change the maximum penalty provided. The trial court was only required to make a determination of the underlying criminal proceedings (as charged in the bill) that were the basis for the obstruction of justice charge. The trial court concluded that the jury convicted the defendant of obstructing the investigation of both offenses (aggravated arson and arson with intent to defraud). We agree. The conjunctive listing of the crimes in Count Three of the bill subjects the defendant to the penalty provisions for either crime, as it appears that the jury decided that the defendant tried to impede the investigations as to each type of arson. No objection was made below seeking to quash Count Three. The defendant was lawfully and appropriately sentenced.
The trial court is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, XXXX-XXXX (La.12/13/04), 893 So.2d 7; State v. Thompson, XXXX-XXXX (La.4/9/03), 842 So.2d 330; State v. Hardy, 39,233 (La.App. 2d Cir.1/26/05), 892 So.2d 710.
This defendant has a record which includes 21 arrests, and six convictions. For whatever reason, she received great leniency from this particular jury.
We affirm the very reasonable sentence imposed by the trial court.

DECREE
The defendant's conviction and sentence are AFFIRMED.
NOTES
[1] Defendant is referred to as "Casandra Pratt Newton" and "Cassandra J. Pratt" in the record; she is referred to as "Cassandra" in this opinion.
[2] The statutory requirement that the trial judge charge the jury as to the law that is applicable to the case includes all other offenses of which the defendant may be convicted by responsive verdict. State v. Wilson, 315 So.2d 646 (La.1975). When a defendant requests and is refused a jury instruction on a lesser and included offense, or when the defendant timely objects to the trial court's failure to give a responsive verdict instruction to which he is statutorily entitled, the conviction may be reversed. State v. Wright, 598 So.2d 493 (La.App. 2d Cir.1992).

Lesser and included offenses are those in which all of the essential elements of the lesser offense are also essential elements of the greater offense charged. State v. Porter, 93-1106 (La.7/5/94), 639 So.2d 1137; State v. Dufore, 424 So.2d 256 (La.1982); State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La.1982).
If there is no evidence reasonably supporting a verdict, then such a verdict may be excluded as a possible responsive verdict. La. C. Cr. P. art. 814(A); State v. George, 26,867 (La.App.2d Cir.4/5/95), 652 So.2d 1382, writ denied, 95-1151 (La.9/29/95) 660 So.2d 855; State v. Harris, 25,539 (La.App. 2d Cir.12/1/93), 627 So.2d 78[788], writ denied, 93-3188 (La.3/18/94), 634 So.2d 851.
[3] It is a well-established tenet of statutory construction that criminal statutes are subject to strict construction under the rule of lenity. Thus, criminal statutes are given a narrow interpretation and any ambiguity in the substantive provisions of a statute as written is resolved in favor of the accused and against the State. State v. Carr, 1999-2209 (La.5/26/00), 761 So.2d 1271. In the absence of express legislative intent, principles of lenity require that any ambiguity in a sentencing statute be resolved in favor of the defendant. State v. Burns, 29,632 (La.App. 2d Cir.9/24/97), 699 So.2d 1179.

The rule of lenity applies not only to interpretations of the substantive ambit of criminal laws, but also to the penalties imposed by those laws. When a criminal statute provides inconsistent penalties, the rule of lenity directs the court to impose the least severe penalty. State v. Campbell, XXXX-XXXX (La.7/6/04), 877 So.2d 112.