Judgment rendered February 12, 2025.

No. 55,736-KA
No. 55,954-KA
(Consolidated Cases)

ON REHEARING

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

CLAY LANDIS RIGGS                           Appellant

* * * * *

On Rehearing
Originally Appealed from the
Eighth Judicial District Court for the
Parish of Winn, Louisiana
Trial Court No. 45,329 and 45,550

Honorable Anastasia Stacy Wiley, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By:  Peggy J. Sullivan


CLAY LANDIS RIGGS                            Pro Se


RICHARD CHRISTOPHER NEVILS          Counsel for Appellee
District Attorney

STEVEN D. CREWS
MATTHEW S. KELLEY
COLE B. SMITH
Assistant District Attorneys

\* \* \* \* \*

Before STONE, STEPHENS, THOMPSON, HUNTER, and ELLENDER, JJ.

STEPHENS, J. concurs with written reasons.

ELLENDER, J., dissents with written reasons.

THOMPSON, J., dissents for the reasons expressed by J. Ellender.

**STONE, J.**

This criminal appeal arises from the Eighth Judicial District Court, the Honorable Anastasia Wiley presiding. The defendant is Clay L. Riggs ("Riggs"). He was convicted of aggravated flight from an officer pursuant to La. R.S. 14:108.1 and subsequently was adjudicated a fourth felony offender. Thereupon, the trial court sentenced Riggs to life imprisonment. In this appeal Riggs contends only that his sentence exceeds constitutional limitations.

## FACTS AND PROCEDURAL HISTORY

On January 30, 2022, an officer observed Riggs' SUV speeding on a gravel road. The officer activated his blue lights. Riggs fled, leading officers on a "high-speed"[1] chase on rural roads, which were largely unpaved and were subject to varying speed limits of no more than 30 miles per hour. The video of the chase demonstrates that it lasted over 19 minutes, involved slogging through muddy stretches, and wound through wooded areas. The chase ended when Riggs attempted to cross a narrow wooden bridge in his SUV, but Riggs' vehicle fell off the bridge and flipped. Riggs did all of this with three passengers in the SUV.

As previously mentioned, Riggs was convicted of aggravated flight from an officer pursuant to La. R.S. 14:108.1 and sentenced to the maximum for that offense, i.e., five year's imprisonment at hard labor.[2] Subsequently, he was adjudicated a fourth felony offender, which the trial court found increased the sentencing range to a minimum of 20 years and a maximum of

---

[1] The officer's dash cam footage shows that speeds varied widely, but only briefly exceeded 70 miles per hour.

[2] This offense is defined as a "crime of violence." La. R.S. 14:2(B)(39).

life imprisonment.[3]  After a presentence investigation (in which Riggs refused to participate), the trial court sentenced Riggs to life in prison.  The trial court issued written reasons for the sentence, noting Riggs' extensive criminal history, past failures in probation, lack of intent to stop committing crimes, and the fact that there were others present in the car with him during the chase.

Riggs did not file a motion to reconsider the sentence.  He now appeals, arguing only that his sentence is constitutionally excessive.  The state filed a brief pointing out that Riggs is a so-called "sovereign citizen," i.e., he believes that the law does not apply to him, and that Riggs has at least ten felony convictions.

## DISCUSSION

**Error patent**

An illegal sentence[4] is an error patent, and therefore may be vacated and corrected at any time.  La. C. Cr. P. art. 882; *State v. Boowell*, 406 So. 2d 213, 215 (La. 1981).  As previously stated, the defendant's maximum possible sentence for the instant offense (without habitual offender adjudication) is five years. La. R.S. 14:108.1.  The predicate offenses are two convictions of attempted possession of a firearm by a convicted felon (La. R.S. 14:27 and 14:95.1) and one conviction of possession of methamphetamine (La. R.S. 40:967).  The trial court, in its written reasons

---

[3] The predicate convictions are: (1) attempted possession of a firearm by a convicted felon; La. R.S. 14:27 & 14:95.1 (February 5, 2009); (2) same (November 27, 2017); (3) possession of methamphetamine; La. R.S. 40:967 (September 21, 2016).

[4] An "illegal sentence" is a sentence that is "not authorized by the statute or statutes which govern the penalty for the crime of conviction." *State v. Williams*, 23-0765 (La. App. 4 Cir. 12/11/23), 382 So. 3d 1018, *writ denied,* 24-00081 (La. 4/16/24), 383 So. 3d 144.

for sentence, indicated that it was applying La. R.S. 15:529.1(A)(4)(a) in determining that the sentencing range is imprisonment of a minimum of 20 years to a maximum of the remainder of the defendant's natural life.

La. R.S. 15:529.1(A)(4) contains three separate provisions for determining the applicable sentencing range; which provision (or provisions) applies depends on certain circumstances. The instant case falls under both La. R.S. 15:529.1(A)(4)**(a)** and La. R.S. 15:529.1(A)(4)**(b)**.[5] These provisions state:

> (4) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then the following sentences apply:
> (a) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life.
> (b) If the fourth felony and no prior felony is defined as a crime of violence under R.S. 14:2(B) or as a sex offense under R.S. 15:541, the person shall be imprisoned for not less than twenty years nor more than twice the longest possible sentence prescribed for a first conviction. If twice the possible sentence prescribed for a first conviction is less than twenty years, the person shall be imprisoned for twenty years.

The instant offense, aggravated flight from an officer (La. R.S. 14:108.1), is a "crime of violence." La. R.S. 14:2(B)(39). None of the predicate offenses are crimes of violence or sex offenses. Therefore, subparagraph (b), by its terms, applies and dictates a sentence of twenty years while, *simultaneously*, subparagraph (a) applies and dictates a sentencing range of a minimum of 20 years to a maximum of the remainder of the defendant's natural life.

---

[5] Hereinafter, "subparagraph (a)" and "subparagraph (b)."

In *State v. Newton*, 42,743 (La. App. 2 Cir. 12/19/07), 973 So. 2d 916, 921, *writ denied,* 08-1147 (La. 1/16/09), 998 So. 2d 90, this court stated:

> In the absence of express legislative intent, principles of lenity require that any ambiguity in a sentencing statute be resolved in favor of the defendant. *State v. Burns,* 29,632 (La. App. 2d Cir. 9/24/97), 699 So. 2d 1179.
> The rule of lenity applies not only to interpretations of the substantive ambit of criminal laws, but also to the penalties imposed by those laws. When a criminal statute provides inconsistent penalties, the rule of lenity directs the court to impose the least severe penalty. *State v. Campbell,* 2003–3035 (La. 7/6/04), 877 So. 2d 112.

It strikes the court as quite odd that the legislature would (under subparagraph (b)) be more lenient toward a defendant whose instant offense is a crime of violence—i.e., more lenient than toward defendants with no crimes of violence (subparagraph (a)). However, we find no "express legislative intent" that resolves the inconsistency. To render subparagraph (b) inapplicable in this case, it would be necessary for us to, in effect, rewrite that provision of the legislation; moreover, if we did so, Riggs' sentencing exposure would be severely *increased*. Such is not the province of the judiciary, with or without supposed "express legislative intent." Therefore, Riggs' sentence of life imprisonment is *illegal*, regardless of whether it is constitutionally prohibited as "cruel or unusual."

**Cruel or unusual**

By failing to file a motion to reconsider sentence, Riggs has waived his right to have the sentence reviewed for compliance with La. C. Cr. P. art. 894.1. The sole remaining question in this appeal is whether his sentence exceeds the punishment allowed by the state and federal constitutions. The Eighth Amendment of the United States Constitution and Article I, § 20, of the Louisiana Constitution prohibit the imposition of cruel or excessive

punishment. Although a sentence falls within statutory limits, it may be excessive. *State v. Sepulvado*, 367 So. 2d 762 (La. 1979). The appellate court must determine if the sentence is constitutionally excessive. *State v. Smith*, 01-2574 (La. 1/14/03), 839 So. 2d 1. A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. *State v. Bonanno*, 384 So. 2d 355 (La. 1980); *State v. Smith*, *supra*. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957, *cert. denied*, 519 U.S. 1043, 117 S. Ct. 615, 136 L. Ed. 2d 539 (1996). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Meadows*, 51,843 (La. App. 2 Cir. 1/10/18), 246 So. 3d 639, *writ denied*, 18-0259 (La. 10/29/18), 254 So. 3d 1208. The sentencing court has wide discretion to impose a sentence within the statutory limits, and the sentence imposed will not be set aside as excessive absent a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7.

In this case, we find that Riggs' life sentence exceeds what is constitutionally permissible. It shocks the sense of justice for a person to be subjected to such punishment for leading the police on a chase through a rural, unpopulated area. That crime, alone, would have exposed Riggs to a maximum of five years of incarceration. His mandatory sentence of 20 years under subparagraph (b), *supra*, thus *quadruples* the maximum sentence for Riggs' violation of La. R.S. 14:108.1. Riggs' violation of La. R.S.

5

14:108.1 was not the worst of such offenses. Because the offense of conviction adequately reflects the wrongful nature of Riggs' conduct, and his violation of La. R.S. 14:108.1 is not the worst of such violations, imprisonment beyond quadruple the maximum is nothing but a purposeless infliction of pain and suffering. At the end of his 20-year term, Riggs will be approximately 73 years old. Even an offender as recalcitrant as Riggs has a significant prospect of non-recidivism at such an age.

## CONCLUSION

Riggs' conviction for violation of La. R.S. 14:108.1 and his adjudication as a fourth felony offender are **AFFIRMED**. Riggs' sentence is **VACATED** and this matter is **REMANDED** for resentencing in accordance with this opinion.

**STEPHENS, J., concurring,**

While I agree with Judges Ellender and Thompson that the trial court correctly applied La. R.S. 15:529.1(A)(4)(a) in determining the sentencing range applicable to this case, I find, as did Judges Stone and Hunter, that the sentence imposed in this case is unconstitutionally excessive. Though a fourth felony offender, the defendant is not the "worst type of offender," nor is he deserving of a maximum sentence, which, in this case, as a fourth felony offender, is life imprisonment.

1

**ELLENDER, J, dissenting**.

I respectfully dissent. Initially, I do not agree La. R.S. 15:529.1 (A)(4)(b) applies to this case. Contrary to the majority's reading, this subsection applies only if neither the crime of conviction nor any of the prior felonies is defined as a crime of violence. *See*, *e.g.*, *State v. Brown*, 19-695 (La. App. 3 Cir. 5/6/20), 297 So. 3d 947, *writ denied*, 20-00713 (La. 9/29/20), 301 So. 3d 1194. Obviously, Riggs's crime of conviction, aggravated flight from an officer, is defined as a crime of violence. La. R.S. 14:2 (B)(39). I am unaware of any reported case supporting the majority's view that the statute is ambiguous and subsection 529.1 (A)(4)(b) somehow applies. Consequently, I believe the trial court was correct in applying R.S. 15:529.1 (A)(4)(a) and determining Riggs's sentencing range was 20 years to life.

As for the life sentence imposed, I do not agree it is unconstitutionally excessive. The emphasis of the majority is that the offense of conviction occurred in a rural, unpopulated area, and that the maximum sentence he could have received under R.S. 14:108.1 was five years at hard labor. While this chase did occur primarily on unpopulated, rural Forest Service roads, it was not a minor incident. Riggs ultimately flipped and crashed his SUV off a narrow, wooden bridge and into a creek, with three occupants in the vehicle. At least one of his passengers hit her head on the windshield and told officers she "was scared and cold and wet" once pulled from the overturned SUV. Not only did Riggs put his life and that of the pursuing officer in danger, but also the lives of his three passengers.

The majority also gives inadequate weight to Riggs's significant criminal history and his defiant insistence that the laws of our state do not

1

apply to him. As pointed out by Judge Wiley in her detailed written sentencing reasons, Riggs is at least an eight-time felony offender, with prior crimes including not only those used to adjudicate him a fourth felony offender, but also convictions for simple burglary (twice), aggravated battery, theft, simple assault, and simple battery. Some of these offenses were committed while on probation or parole, resulting in revocation.

Parenthetically, two of the predicate offenses used to support Riggs's adjudication as a multiple offender, attempted possession of a firearm by a convicted felon, were redesignated, shortly after the offense of conviction, as crimes of violence. 2022 La. Acts No. 702 (effective June 18, 2022). In these circumstances, the life sentence would now be mandatory. La. R.S. 15:529.1 (A)(4)(c). This places Judge Wiley's sentencing choice in a favorable perspective.

At 53 years old, Riggs is not a youthful offender and, in spite of a life of crime spanning from 1992 to the present resulting in long stretches of incarceration, he continues to believe the laws of this state do not apply to him. It is one thing to file a multitude of pleadings challenging "corporate existence" as a so-called "sovereign citizen," but it is quite another to habitually defy our criminal laws and refuse to accept responsibility for one's actions. By his words and deeds, Riggs has steadfastly demonstrated his utter refusal to ever become a law-abiding citizen.

On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Fruge*, 14-1172 (La. 10/14/15), 179 So. 3d 579. I believe this record supports Judge Wiley did not abuse her vast sentencing

discretion within the statutory limits.  For these reasons, I respectfully dissent.